# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
May 5, 2009 Session

## STATE OF TENNESSEE v. JAMIE LEE McKINNEY

**Direct Appeal from the Circuit Court for Henry County**
**No. 14135    Donald E. Parish, Judge**

---

**No. W2008-01719-CCA-R3-CD  - Filed January 13, 2010**

---

The Defendant-Appellant, Jamie Lee McKinney, appeals the revocation of his probation. He pled guilty in the Circuit Court of Henry County to attempt to commit aggravated sexual battery, a Class C felony.  He was sentenced to six years supervised probation after nine months of confinement.  On appeal, he claims: (1) the probation condition prohibiting marriage to someone with a minor child is unconstitutional; and (2) the trial court abused its discretion by revoking McKinney's probation because he left Henry County without his probation officer's permission.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J. C. MCLIN, JJ., joined.

Paul D. Hessing, Paris, Tennessee, for the Defendant-Appellant, Jamie Lee McKinney.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Hansel J. McCadams, District Attorney General; and R. Adam Jowers, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Facts**.  On July 2, 2007, a Henry County grand jury indicted McKinney for the offense of rape, a Class B felony.  On November 13, 2007, McKinney filed a "Request For Acceptance Of Plea Of Guilty [And] Petition To Waive Trial By Jury And To Waive An Appeal."  The document provided, inter alia, that McKinney understood that he was charged with rape and that his sentence upon a plea of guilty, if accepted by the trial court, would be to criminal attempt aggravated sexual battery.  He agreed upon a six year sentence to be

served as nine months incarceration followed by supervised probation. He also agreed to register as a sex offender, community supervision for life, and no contact with the victim. On the second page of the document, which was signed by McKinney, he submitted his case to the trial court to determine punishment. He further expressly and knowingly waived certain rights; specifically, his right to appeal the decision of the trial court or petition for post-conviction relief if his guilty plea was accepted by the trial court. The trial court accepted the terms of McKinney's guilty plea, and the judgment was entered on November 30, 2007.

Following his release from confinement on May 9, 2008, McKinney signed a probation order which required him to obtain permission from his probation officer before leaving his county of residence or the State. It further required McKinney to abide by the "Specialized Probation Conditions for Sex Offenders as adopted by the Board of Probation and Parole." On the same day, McKinney signed a two-page document entitled "Specialized Probation Conditions for Sex Offenders." This document outlined twelve additional conditions that McKinney was required to follow. McKinney further acknowledged that he had read each condition by placing his initials beside each condition in the document. As pertinent to this discussion, Special Condition #9 stated:

> If convicted of an offense against a minor, I will not date, befriend, reside or unite with anyone who has children under the age of 18, except my own children, unless further restricted by applicable law or court order. I will not enter into contact with any child under 18 or anyone who is unable to give consent due to mental, physical, or emotional limitations, unless an adult is present whom my Officer and my treatment provider have approved in advance, in writing, as a chaperone.

The following language also appeared above McKinney's signature on the "Specialized Probation Conditions for Sex Offenders":

> I understand that if I do not agree with any condition, I have the right to petition the Sentencing Court for a modification. Any release from these instructions will be provided to me in writing.

On June 12, 2008, a probation violation report was filed alleging that McKinney had violated Special Condition #9, outlined above, and that he had left his county of residence without his probation officer's permission. Consequently, a warrant was issued for McKinney's arrest. On July 7, 2008, the trial court held a probation violation hearing. McKinney stipulated to the allegations within the probation violation report. However, McKinney offered proof in mitigation of his admitted probation violations.

Sophia McKinney, the defendant-appellant's new wife, briefly testified that she married McKinney on June 2, 2008, in Benton County, Tennessee. She stated that they were in Benton County no longer than thirty (30) minutes or "long enough to get married." She also acknowledged that she had a minor son. She testified that her son did not reside with her and McKinney.

Jamie Lee McKinney testified that he went to Benton County, a county other than his county of residence, without his probation officer's permission because he believed "it was the state line." He confirmed, however, that he went to Benton County for the purpose of getting married. He then acknowledged that he previously asked his probation officer if he could get married. He admitted that his probation officer advised him not to marry Sophia McKinney because she had a minor child. In spite of his probation officer's advice, McKinney stated that he "married her anyway." McKinney explained that he resided at the same residence he listed on his probation paperwork following his release from confinement. He testified that he currently lived at the same residence he had prior to his marriage to Sophia. McKinney's probation officer also testified and corroborated the above testimony.

Following argument of counsel and a lengthy discussion concerning various aspects of Special Condition #9, the trial court revoked McKinney's probation. This timely appeal followed.

**I. Probation Revocation**. McKinney does not contest that he violated the terms and conditions of his supervised probation by marrying someone with a minor child and leaving his county of residence without his probation officer's permission. Rather, he contends that Rule 12 of his probation order, which prohibits "resid[ing] or unit[ing] with anyone who has children under the age of 18, except [his] own children, unless further restricted by applicable law or court order[,]" as a condition of probation, is unconstitutional. In essence, McKinney argues that his condition of probation was unlawful, therefore the trial court's revocation of probation based on a violation of that condition is improper. The State contends that the trial court properly revoked McKinney's probation.

**Standard of Review**. Under Tennessee law, a trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his release. T.C.A. § 40-35-310,-311(e) (2006). A trial court's decision to revoke probation will be upheld on appeal absent a showing that the trial court abused its discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. Id. (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief will be granted only when "'the trial court's logic and reasoning was

improper when viewed in light of the factual circumstances and relevant legal principles involved.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

As an initial matter, we must address whether McKinney is properly before this court. His substantive complaint in this appeal is to "the trial court's original imposition of Defendant's sentence containing a probation condition which prohibited Defendant from marrying anyone who had minor children[.]" However, because McKinney pleaded guilty to an offense which required community supervision for life, his special conditions of probation were set by the Tennessee Board of Probation and Parole, not the trial court. See T.C.A. § 39-13-524(a) (2006). Tennessee Code Annotated section 39-13-524(d)(1) provides:

> A person on community supervision shall be under the jurisdiction, supervision and control of the board of probation and parole in the same manner as a person under parole supervision. The board is authorized on an individual basis to establish such conditions of community supervision as are necessary to protect the public from the person's committing a new sex offense, as well as promoting the rehabilitation of the person.

Additionally, in State v. Samuel T. Anderson, No. W2008-00995-CCA-R3-CD, 2009 WL 2407760 (Tenn. Crim. App., at Jackson, Aug. 3, 2009), this court recently reversed a trial court's modification of probation conditions imposed pursuant to section 39-13-524. In answering the question of who has authority and jurisdiction to establish terms and conditions of a defendant's lifetime community supervision imposed pursuant to section 39-13-524, Samuel T. Anderson held that section 39-13-524, "vests the authority and jurisdiction to establish conditions of community supervision solely in the Tennessee Board of Probation and Parole." Id. at *2. As such, it was the Tennessee Board of Probation and Parole's decision to set special condition #9 after the trial court imposed the original sentence and conditions of probation and subsequent to McKinney's release from confinement.

It is well established that judicial review of any state administrative decision must begin with the Uniform Administrative Procedures Act (UAPA), T.C.A. § 4-5-101-324. See Floyd Partee v. State, No. 02C01-9311-CC-00267, 1995 WL 381649 (Tenn. Crim. App., at Jackson, June 28, 1995). Since the UAPA explicitly excludes from the contested case and judicial review provisions decisions made by and actions taken by the Board of Paroles, see T.C.A. § 4-5-106(c), the common-law writ of certiorari serves as the proper procedural vehicle for review of decisions by parole eligibility review boards and other similar administrative tribunals. Willis v. Tenn. Dep't of Correction, 113 S.W.3d 706, 712 (Tenn. 2003). Thus, "[t]he only procedure for a prisoner to obtain judicial review of an action or decision of the Board is by a petition for common-law writ of certiorari." Hickman v. Tenn.

Bd. of Paroles, 78 S.W.3d 285, 290, n.4 (Tenn. Ct. App. 2001) (citing Floyd Partee, 1995 WL 381649, at *1). The petition must be filed within sixty days of the final decision of the reviewing board or commission. Id.

McKinney has not requested this court to exercise its authority to grant a common-law writ of certiorari in this case. Nor do we believe, based on this record, that the common-law writ is an appropriate vehicle to address McKinney's claim. See State v. Lane, 254 S.W.3d 349, 356 (Tenn. 2008) (holding that the common-law writ of certiorari is only appropriate to correct "(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion" or "[w]here either party has lost a right or interest that may never be recaptured"). Moreover, we believe that "other plain, speedy, or adequate remed[ies]" are available which McKinney has not utilized. See T.C.A. § 27-8-101. Thus, McKinney's appeal of the special conditions imposed pursuant to Tennessee Code Annotated section 39-13-524, and authorized by the Tennessee Board of Probation and Parole is dismissed.

In so much as McKinney claims the trial court abused its discretion in revoking his probation, McKinney admitted to the violations as detailed in the violation report. This court has previously held that a defendant's concession of an act constituting a violation of probation constitutes substantial evidence of the violation, and the trial court's revocation based thereon is not abuse of discretion. See State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999); State v. Michael Emler, No. 01C01-9512-CC-00424, 1996 WL 691018, at *4 (Tenn. Crim. App., at Nashville, Nov. 27, 1996) (where the defendant admits violation of the terms of probation, revocation by the trial court is not arbitrary or capricious); State v. Mitzi Ann Boyd, No. 03C01-9508-CC-00246, 1996 WL 634218, at *3 (Tenn. Crim. App., at Knoxville, Nov. 1, 1996). Accordingly, McKinney is not entitled to relief, and the decision of the trial court is affirmed.

## CONCLUSION

Upon review, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE