# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
September 22, 2009

## STATE OF TENNESSEE v. TERRY WAYNE HAWKINS

**Appeal from the Criminal Court for Monroe County**
**No. 08133    Amy Reedy, Judge**

_____

**No. E2009-00044-CCA-R3-CD - Filed March 24, 2010**

_____

The Defendant, Terry Wayne Hawkins, was convicted by a Monroe County jury of aggravated sexual battery and was sentenced to eleven years as a Range I, violent offender. In this appeal as of right, he contends that the trial court imposed an excessive sentence. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. JAMES CURWOOD WITT, JR., J., filed a separate concurring opinion.

Steven B. Ward, Madisonville, Tennessee, attorney for appellant, Terry Wayne Hawkins.

Robert E. Cooper, Jr., Attorney General and Reporter; Amy Tarkington, Deputy Attorney General; R. Steven Bebb, District Attorney General; and Andrew Freiberg, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

The Defendant was convicted of the aggravated sexual battery of his live-in girlfriend's twelve-year-old daughter. The victim testified that she and her baby brother (the Defendant's child with the victim's mother) would often be left in the Defendant's care for a week or longer while her mother worked out of town as an electrician. One favorite activity of the family would be to ride all-terrain vehicles ("four-wheelers") together. The victim testified that the Defendant touched her breasts over her clothing several times while they rode four-wheelers together. She described the touching as "squeezing and kind of

grab[bing]." The victim reported the touching to her grandmother because she wanted it to stop. When the family learned of her report, the victim's older brothers, eighteen-year-old twins, beat the Defendant.

Captain Michael Morgan of the Monroe County Sheriff's Office testified that the Defendant appeared at his office on October 18, 2007 at approximately 8:30 in the evening. He recalled that the Defendant had been beaten. The Defendant told Captain Morgan that the victim's brothers had beaten him because he had been accused of touching the victim. Upon further questioning, the Defendant admitted that he had fondled the victim's breasts over her clothing. He explained that he did not want to have sex with the victim and that he was "tempted" but was now embarrassed by his actions and did not "want this hanging over [his] head all his life." Detective Jennifer Monroe testified that the Defendant also admitted his actions to her and that he stated that the touching was not accidental.

The Defendant testified that the victim was upset with him because he had asked her to start doing more work around the house while her mother was out of town working. The Defendant stated that he never asked the victim to ride the four-wheeler but that her brother would not go without her. He claimed that he touched the victim accidentally several times because "she would about jerk [him] off the back of [the four-wheeler]" when she drove. He denied that he touched the victim in a sexual manner. He testified that the victim's brothers beat him and called him a "pervert" when they learned of her report to their grandmother. He claimed that Captain Morgan tricked him into admitting to touching the victim by asking him such questions as "did she have a nice rack?" – questions Captain Morgan denied asking during his testimony.

Based upon this evidence, the jury convicted the Defendant of aggravated sexual battery. At the sentencing hearing, Danny Isbill with the Tennessee Board of Probation and Parole testified that the thirty-one year old Defendant does not have any history of criminal convictions. However, relevant to this offense, the Defendant declined to give a statement for the presentence report. Mr. Isbill also reported that the Defendant refused to complete the psycho-sexual consultation required of all convicted sex offenders. He testified that the Defendant told the counselor that "he was not interested in completing the paperwork and that he felt that he knew right from wrong and did not need treatment."

The State acknowledged that none of the enhancement factors applied but argued that the enhancement factors are merely advisory and that the trial court could, in its discretion, determine the sentence based upon other considerations within the principles of the Sentencing Act. The State argued that the Defendant's lack of remorse in light of his previous confession to the authorities and his unwillingness to comply with the sex offender evaluation process warranted significant punishment. The State then asked the trial court to

impose a sentence of ten years. The Defendant argued that he has no history of criminal convictions and that the sexual offender evaluation process improperly requires him to admit something he is not willing to admit. The presentence report reflects that the Defendant has no prior convictions and had maintained long-term employment with the same company for eight years prior to his arrest for this offense.

The trial court stated that the Defendant's "refusal to cooperate with something that is required is, it's a remorseless act on his part." The trial court noted the Defendant's lack of prior record but stated that "he has shown me through his lack of cooperation that he is a remorseless offender. I do not find mitigation, I do not find any enhancement factors other than the remorselessness that I have seen here by his failure to cooperate." Based upon these findings, the trial court imposed a sentence of eleven years to be served at one hundred percent. See Tenn. Code Ann. § 40-35-501(i).

## ANALYSIS

On appeal, the Defendant urges the court to reverse the trial court's sentencing decision. He argues that "[t]he minimum sentence within the range of punishment is the sentence that should be imposed . . ." and that the trial court could only adjust the sentence based upon "the presence or absence of mitigating and enhancement factors set out in [Tenn. Code Ann.] §§ 40-35-113 and 40-35-114." Tenn. Code Ann. § 40-35-210(c)(1) and (2). He contends that, in light of these standards, the trial court erred in not considering as mitigation the Defendant's lack of criminal record or lack of serious bodily injury inflicted upon the victim. The State argues that the portions of the Sentencing Act cited by the Defendant are "merely advisory" and not binding on the trial court and that the trial court acted within its discretion in increasing the Defendant's sentence based upon his unwillingness to comply with the statutory mandate of the sexual offender registry which implicates a statutory sentencing principle, namely his potential for rehabilitation.

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). As the Sentencing Commission Comments to this section note, on appeal the burden is on the Defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991); see also State v. Carter, 254 S.W.3d 355 (Tenn. 2008).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> [T]he trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence.

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994) (citation omitted); see Tenn. Code Ann. § 40-35-210(e).

Tennessee's sentencing act provides:

(c) The court shall impose a sentence within the range of punishment, determined by whether the defendant is a mitigated, standard, persistent, career, or repeat violent offender. In imposing a specific sentence within the range of punishment, the court shall consider, but is not bound by, the following advisory sentencing guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c)(1)-(2).

The weight to be afforded an enhancement or mitigating factor is left to the trial court's discretion so long as its use complies with the purposes and principles of the 1989 Sentencing Act and the court's findings are adequately supported by the record. Id. § (d)-(f); Carter, 254 S.W.3d at 342-43. "An appellate court is therefore bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in . . . the Sentencing Act." Carter, 254 S.W.3d at 346. Accordingly, on appeal we may only review whether the enhancement and

mitigating factors were supported by the record and their application was not otherwise barred by statute. See id.

In conducting its de novo review, the appellate court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, (7) the defendant's potential for rehabilitation or treatment, and (8) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee. Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

Significantly in this case, the trial court found no enhancement or mitigating factors applicable but instead increased the Defendant's sentence based upon the Defendant's lack of remorse – an indication of his low "potential for rehabilitation." The Sentencing Commission Comments to § 40-35-210(c) opine that "[i]f there are no enhancement or mitigating factors, then the court must impose the minimum sentence within the appropriate range." However, we believe this comment predates the significant legislative changes made to the Act in 2005 which now render the sentencing guidelines merely advisory. See Tenn. Code Ann. § 40-35-210(c) ("the court shall consider, but is not bound by, the following advisory sentencing guidelines. . .").[1] Indeed, as explained by our supreme court in Carter, the 2005 amendments to the Sentencing Act now afford the trial court such greater discretion that:

> the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of the [Sentencing Act].'"

Carter, 254 S.W.3d at 343 (citing Tenn. Code Ann. § 40-35-210(d)). Therefore, we conclude that the Defendant's argument that the trial court was required to begin at the minimum and adjust the sentence based upon enhancement and mitigating factors must fail. Furthermore, because the application of enhancement and mitigating factors to adjust a sentence was rendered advisory by the 2005 amendment, we reiterate that the trial court may set a sentence anywhere within the applicable range so long as the sentence is consistent with the principles and purposes of the Act, regardless of the presence or absence of mitigating and enhancement factors.

---

[1] We note the Sentencing Commission Comments appear verbatim in the 1997 replacement. Apparently the comment has not been addressed in light of the 2005 amendments.

As for the propriety of the sentencing decision based upon the findings made by the trial court in this case we note, once again, that the weight to be afforded an enhancement or mitigating factor is left to the trial court's discretion so long as its use complies with the purposes and principles of the 1989 Sentencing Act and the court's findings are adequately supported by the record. Id. § (d)-(f); Carter, 254 S.W.3d at 342-43. Thus, the trial court's failure to give any weight to the Defendant's proposed mitigating factors cannot be reviewed by this court unless such failure exceeds compliance with the purposes and principles of the Act. In this case, we conclude that it does not. We further conclude that the trial court's imposition of an eleven-year sentence based upon the Defendant's lack of remorse and noncompliance with the sexual offender registry requirements is supported by the record in this case and comports with the purposes and principles of the Act. Accordingly, the judgment of the trial court is affirmed.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE