# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 27, 2012

## STATE OF TENNESSEE v. CHRISTOPHER MARTIN

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 200424      Don W. Poole, Judge**

---

**No. E2012-00029-CCA-R3-CD - Filed February 26, 2013**

---

The petitioner, Christopher Martin, was convicted in 1997 for rape of a child and received a twenty-five-year sentence. He was also convicted in Georgia of similar offenses and received a twenty-year sentence. The Georgia and Tennessee sentences were to be served concurrently. The petitioner filed a motion in the trial court, seeking to remove a Tennessee detainer against him. He asserted that the detainer prevented him from being eligible for parole in Georgia. The trial court denied the motion, and the petitioner now appeals. Upon review, we conclude that the appellant does not have an appeal as of right from the order. Therefore, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Christopher Martin, Unadilla, Georgia, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

From the scant record before us, it appears that on May 21, 1997, the petitioner pled guilty in the Hamilton County Criminal Court to rape of a child. Pursuant to the plea agreement, he received a sentence of twenty-five years, one hundred percent of which was to be served in confinement. The indictment reflects that the offense was committed on or

before August 8, 1992; the judgment of conviction reflects that the offense occurred on August 8, 1992. The judgment of conviction further reflects that the petitioner's "sentence [was] to be served concurrently with Georgia convictions of child sexual abuse involving [the] same victim."

Thereafter, the petitioner filed numerous pro se motions in the Hamilton County Criminal Court, protesting the issuance of a Tennessee detainer against him. However, no such detainer is in the record before us. The record reflects that on December 6, 2011, the trial court issued an order, overruling the petitioner's "Motion to Protest and Contest Any Transfer to the Demanding Jurisdiction." However, the motion underlying the order is not in the appellate record. The order states:

> This case came back before the Court on the motion to "protest and contest any transfer to the demanding state as being a violation of rights filed pro se[."] The [petitioner] has initially filed a motion to have the Tennessee detainer lifted which motion was overruled on November 14, 2011. The [petitioner] apparently in custody in the State of Georgia now files this motion to protest and contest any transfer, it appearing that the [petitioner,] on May 21, 1997, entered a guilty plea to child rape as a Range I, standard offender, class "A" felony and received a sentence of twenty-five (25) years in the Department of Correction[] said sentence to run concurrently with a Georgia conviction. It is apparently from the detainer based upon this judgment that the [petitioner] files initially his motion to lift the detainer and now to protest and contest any transfer and all of which appear to have no basis it is hereby [ordered] . . . [t]hat the Motion to Protest and Contest Any Transfer to the Demanding Jurisdiction is overruled.

On appeal, the petitioner specifically complains about the trial court's December 6, 2011 order which overruled his "Motion to Protest and Contest Any Transfer to the Demanding Jurisdiction."

## II. Analysis

Initially, we note that Tennessee Rule of Appellate Procedure 3(b) limits a criminal defendant's appeal as of right to

> any judgment of conviction entered by a trial court from which

an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Our case law has firmly established that "[u]nlike civil litigants, who have an appeal as of right from any final judgment, parties in criminal cases do not always have an appeal as of right under the Rules of Appellate procedure." State v. Lane, 254 S.W.3d 349, 352 (Tenn. 2008) (footnote omitted). Our supreme court has stated that, based upon "the Latin maxim of *expressio unius est exclusio alterius*, meaning 'the expression of one thing implies the exclusion of all things not mentioned,'" a party in a criminal case may not appeal from an action not specifically included in Rule 3. State v. Adler, 92 S.W.3d 397, 400 (Tenn. 2002) (quoting Limbaugh v. Coffee Medical Center, 59 S.W.3d 73, 84 (Tenn. 2001)). This court has reiterated this principle, explaining that "[i]f an order is not specifically listed in Rule 3(b) as one of the types of orders or judgments from which an appeal as of right exists, then there is no appeal as of right from that order." State v. Jay Bean, No. M2009-02059-CCA-R3-CD, 2011 WL 917038, at *2 (Tenn. Crim. App. at Nashville, Mar. 16, 2011). Rule 3 does not specifically provide for an appeal as of right from a denial of a "Motion to Protest and Contest Any Transfer to the Demanding Jurisdiction." Therefore, we conclude that the appellant's appeal should be dismissed. See Jonathon C. Hood v. State, No. M2009-00661-CCA-R3-PC, 2010 WL 3244877, at *1 (Tenn. Crim. App. at Nashville, Aug. 18, 2010).

### III. Conclusion

In sum, we conclude that the appeal should be dismissed.

_____
NORMA McGEE OGLE, JUDGE