# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 1, 2008 Session

## STATE OF TENNESSEE  v.  CARRI CHANDLER LANE

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 02-02581     W. Fred Axley, Judge**

---

**No. W2005-01998-SC-R11-CD - Filed May 20, 2008**

---

The defendant pled guilty to two counts of theft in excess of $60,000 after embezzling over $630,000 from her employer.  The trial court imposed a sentence requiring a term of confinement and probation.  As a condition of her probation, the trial court ordered the defendant to make monthly restitution payments of approximately $1,500 to her former employer upon her release from confinement.  After her release, the defendant petitioned the trial court to modify the conditions of her probation by reducing her monthly restitution payments to $500 per month.  The trial court denied her motion to modify, and the defendant appealed.  The Court of Criminal Appeals held that the defendant could not appeal as of right the trial court's decision to deny her motion to modify under Tennessee's rules of appellate procedure.  Nevertheless, a majority of the intermediate appellate court reviewed the defendant's challenge as a petition for a common-law writ of certiorari and concluded that the trial court's decision constituted a "plain and palpable abuse of discretion." The State appealed.  Upon review, we hold that the defendant does not have an appeal as of right to challenge the trial court's denial of her motion to modify.  Furthermore, we conclude that the intermediate appellate court erred in granting the defendant a common-law writ of certiorari and in finding that the trial court's decision was erroneous.  Accordingly, we reverse the Court of Criminal Appeals and remand with instructions that the trial court's order be reinstated.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals is Reversed**

WILLIAM M. BARKER, C.J., delivered the opinion of the court, in which JANICE M. HOLDER, CORNELIA A. CLARK, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellant, State of Tennessee.

Mark S. McDaniel, Memphis, Tennessee, for the appellee, Carri Chandler Lane.

## OPINION

### I. Factual and Procedural Background

From April 1993 until September 2001, the defendant, Carri Chandler Lane, worked as the office manager for a small law firm in Memphis. During her tenure with the law firm, the defendant embezzled over $630,000. Her theft was eventually discovered, and she was indicted in March 2002 for two counts of theft in excess of $60,000, class B felonies.[1] The defendant pled guilty in November 2002 to both counts. On April 21, 2003, the trial court imposed a twelve-year sentence, requiring the defendant to serve eighteen months in confinement and ten and one-half years on probation. In addition, the defendant agreed to make restitution of $556,500 to the law firm.[2] Pursuant to this agreement and as a condition of her probation, the trial court ordered the defendant to pay $4,416.66 per month in restitution after she was released from confinement. A second condition of her probation required the defendant to purchase a life insurance policy of $650,000, naming the law firm as the beneficiary.

On April 24, 2003, the defendant filed a "Motion for Correction or Reduction of Sentence," asking the trial court to reduce the amount of restitution because of changes in her financial circumstances. Instead of reducing the total restitution amount, the trial court reduced the monthly payments to $1,545.83 and extended the defendant's term of probation to thirty years. The defendant served her period of confinement and was released on October 25, 2004. After her release, the defendant filed a second motion asking the trial court to modify the conditions of her probation by reducing the amount of her monthly restitution payment to $500 and by eliminating the condition that she purchase a life insurance policy. Thereafter, the defendant unilaterally began paying only $500 per month, instead of the previously ordered amount.

As a result of the defendant's partial payments, the State filed a motion to revoke her probation. A hearing was held on March 2, 2005. The trial court modified the original judgment to eliminate the life insurance policy condition because no insurance company would issue the policy. Moreover, the trial court found that the defendant was in arrears on her restitution, but agreed to continue the case so that the defendant could become current on her payments.

---

[1]See Tenn. Code Ann. § 39-14-103 (2006) (providing "[a] person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent"); Tenn. Code Ann. § 39-14-105(5) (2006) (stating that "[t]heft of property or services is: . . . (5) A Class B felony if the value of the property or services obtained is sixty thousand dollars ($60,000) or more").

[2]The law firm was able to recover a portion of its loss from the defendant's retirement account, her husband, and the bank that cashed certain forged checks.

After the defendant became current on her restitution, the trial court held another hearing on July 20, 2005. During the hearing, the trial court heard from the defendant, her employer, and a representative from the law firm. According to the defendant, at the time she agreed to the $1,545.83 monthly restitution payment, she was married and her husband had agreed that his income would support the family while her income would pay the restitution. However, while the defendant was incarcerated, her husband filed for divorce and sought custody of their son. As a result of the divorce proceedings, the defendant lost the financial support of her husband and incurred additional expenses, such as attorney's fees, court costs, and child support.

The defendant testified that after being released from prison she started working as an office manager for a small business in Memphis, earning approximately $2,600 per month. She went on to state that after she paid the $500 restitution payment, her monthly expenses exceeded her monthly income. In order to help her reduce her monthly expenses, the defendant's employer and his wife allowed the defendant to move into their house. The employer testified that he did not charge her rent and provided free food, transportation to and from work, and other necessities, thereby enabling the defendant to become current on her restitution. While the employer testified that he and his wife were willing to help the defendant, this arrangement was not permanent.

After the hearing, the trial court entered an order on July 25, 2005, denying the defendant's motion to modify. The trial court considered the defendant's education, earning capacity, and current living situation, in addition to taking into account the impact on the law firm. The trial court held that "[w]hile the Court is not attempting to minimize the Defendant's financial situation, it does appear to the [C]ourt that the Defendant has a support network and the continued payment of the $1,548 restitution has not rendered her destitute at this juncture." Lastly, the trial court noted that "[s]hould the need arise, the Defendant, victim, or District Attorney General may petition the Court and that Court may hold a hearing, and if appropriate, waive, adjust or modify its order regarding restitution."

The defendant appealed to the Court of Criminal Appeals. The intermediate appellate court held that the Tennessee Rules of Appellate Procedure do not permit her to appeal as of right the trial court's order. However, a majority of the court reviewed the defendant's challenge as a petition for a common-law writ of certiorari and concluded that the trial court's denial constituted a "plain and palpable abuse of discretion."

We granted the State's application for permission to appeal to determine whether a common-law writ of certiorari is available to review a trial court's denial of a motion to modify a condition of probation. Upon review of this narrow question, we hold that the Court of Criminal Appeals erred in granting the defendant a common-law writ of certiorari and in holding that the trial court's denial constituted a "plain and palpable abuse of discretion." Accordingly, we reverse the Court of Criminal Appeals and remand with instructions to reinstate the trial court's order denying the defendant's motion to modify.

II. Analysis

*A. Appeal as of Right from a Denial of a Motion to Modify a Condition of Probation*

The defendant appealed to the Court of Criminal Appeals pursuant to Tennessee Rule of Appellate Procedure 3(b), arguing that the "Trial Court abused its discretion by failing to give adequate consideration to the Defendant's financial circumstances, the uncertainty of the degree and duration of her support network, and the realities of her earnings versus her expenses." The State countered that "Rule 3(b) . . . does not permit direct appeal of a trial court's disposition of a motion to modify the terms of probation." The Court of Criminal Appeals agreed with the State that Rule 3(b) does not specifically provide that a defendant may appeal a trial court's decision regarding modification of probation conditions. We agree as well.

Unlike civil litigants, who have an appeal as of right from any final judgment,[3] parties in criminal cases do not always have an appeal as of right under the Rules of Appellate Procedure. According to Rule 3(b), a defendant's ability to appeal as of right is limited to

> any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

See Moody v. State, 160 S.W.3d 512, 516 (Tenn. 2005) (stating that Rule 3(b) "does not authorize a direct appeal of a dismissal of a motion to correct an illegal sentence"); State v. Adler, 92 S.W.3d 397, 401 (Tenn. 2002) (holding the State does not have an appeal as of right under Rule 3(c) from a trial court's order expunging public records); State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998) (noting that the State cannot appeal as of right a trial court's unilateral decision to modify a defendant's sentence imposed pursuant to Tennessee Rule of Criminal Procedure 11(e)(1)(C)); see also Simon v. State, No. M2003-03008-CCA-R3-PC, 2005 WL 366893, *2 (Tenn. Crim. App. Feb. 16, 2005) (holding that the defendant did not have an appeal as of right or grounds for a common-

---

[3]Tennessee Rule of Appellate Procedure 3(a) provides that "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right."

law writ of certiorari to review a trial court's denial of sentencing credits); Sexton v. State, No. E2003-00910-CCA-R3-PC, 2004 WL 50788, *3 (Tenn. Crim. App. Jan. 12, 2004) (holding that denial of the petitioner's motion for "credit for time at liberty" was not appealable under Rule 3 or through a common-law writ of certiorari).

In Adler, this Court examined whether parties in criminal cases could appeal as of right issues that were not specifically enumerated in the Rule 3(b) or (c). 92 S.W.3d at 400-01. We noted that when interpreting statutory provisions this Court follows the Latin maxim of "*expressio unius est exclusio alterius*, meaning 'the expression of one thing implies the exclusion of all things not mentioned.'" Id. at 400 (quoting Limbaugh v. Coffee Med. Ctr., 59 S.W.3d 73, 84 (Tenn. 2001)). Rule 3(b) does not specifically enumerate that a defendant may appeal as of right a denial of a motion to modify a condition of probation. Thus, the defendant does not have an appeal as of right to challenge the trial court's decision.

*B. Common-Law Writ of Certiorari*

The issue of whether a reviewing court may grant a petition for a common-law writ of certiorari to examine a trial court's decision regarding a motion to modify a condition of probation is an issue of first impression for this Court. The State argues that "[t]he Court of Criminal Appeals improperly granted writ of certiorari because the trial court had jurisdiction to rule on the defendant's motion, its judgment denying said motion did not constitute a plain and palpable abuse of discretion, and the defendant has a plain, speedy, and adequate remedy." The defendant maintains that the trial court's denial of her motion to modify was "a plain and palpable abuse of discretion, leaving her without any effective, available and expeditious appellate remedy," and that without the common-law writ of certiorari, the defendant "loses a right or forfeits an interest that can never be recaptured."

A writ of certiorari is an order from a superior court to an inferior tribunal to send up a complete record for review, so that the reviewing court can ascertain whether the inferior tribunal has exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. Hall v. McLesky, 83 S.W.3d 752, 757 (Tenn. Ct. App. 2001) (citing Yokley v. State, 632 S.W.2d 123, 126 (Tenn. Ct. App. 1981)). The common-law writ of certiorari is "of ancient origin and has been characterized as extraordinary, remedial, revisory, supervisory, and prerogative." State v. Johnson, 569 S.W.2d 808, 812 (Tenn. 1978); see Tenn. Cent. R.R. v. Campbell, 75 S.W. 1012 (Tenn. 1903).

Even though the common-law writ "does not owe its existence to constitutional provisions or statutory enactment," Tenn. Cent. R.R., 75 S.W. at 1012, article VI, section 10 of the Tennessee Constitution provides that courts have the power "in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, supported by oath or affirmation." In addition, the legislature has enacted statutory provisions detailing how parties may petition the higher courts for a common-law writ of certiorari and when review may be granted, providing in pertinent part:

The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Tenn. Code Ann. § 27-8-101 (2000).[4]   This statutory provision applies to civil and criminal cases.

A lower court's decision to grant or deny a petition for a common-law writ of certiorari is reviewed using an abuse of discretion standard. Robinson v. Clement, 65 S.W.3d 632, 635 (Tenn. Ct. App. 2001) (citing Robinson v. Traughber, 13 S.W.3d 361, 364 (Tenn. Ct. App. 1999)). When employing this standard, the lower court's decision should not be disturbed unless the lower court "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injury to the party complaining." State v. James, 81 S.W.3d 751, 760 (Tenn. 2002) (citations omitted).

This Court has previously held that a common-law writ of certiorari is appropriate to correct "(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion." Willis, 113 S.W.3d at 712 (citing State v. Willoughby, 594 S.W.2d 388, 392 (Tenn. 1980)). In addition, courts may properly grant a petition for a common-law writ of certiorari "[w]here either party has lost a right or interest that may never be recaptured." Johnson, 569 S.W.2d at 815 (citing Hale v. State, 548 S.W.2d 878 (Tenn. 1977); State v. Dougherty, 483 S.W.2d 90 (Tenn. 1972)). However, since the common-law writ of certiorari is an "extraordinary judicial remedy," Robinson, 65 S.W.3d at 635, reviewing courts should not grant a petition for a common-law writ of certiorari to "(1) inquire into the intrinsic correctness of the lower tribunal's decision, (2) reweigh the evidence, or (3) substitute their judgment for that of the lower tribunal." Id. (internal citations omitted).

---

[4]This section is generally referred to as the "common-law writ of certiorari." Cooper v. Williamson County Bd. of Educ., 746 S.W.2d 176, 179 (Tenn. 1987); Ben H. Cantrell, Review of Administrative Decisions by Writ of Certiorari in Tennessee, 4 Mem. St. U. L. Rev. 19 (1973). However, the "common-law writ of certiorari" should not be confused with the "statutory writ of certiorari." See Tenn. Code Ann. § 27-8-102 (2000). The pertinent difference between these two writs is the scope of review used by courts. In Cooper, we noted that "'cases, broadly speaking, recognize the distinction between the writ of certiorari as employed under the common-law, for the review of the legality of the action of a board or inferior tribunal as within its jurisdiction or powers, and the same writ authorized by statute to be employed, in lieu of an appeal, to review and correct errors of fact and law committed by such inferior tribunal.'" Cooper, 746 S.W.2d at 179 (quoting Anderson v. City of Memphis, 72 S.W.2d 1059, 1060 (Tenn. 1934)). Thus, the common-law writ "does not ordinarily extend to a redetermination of the facts found by the administrative body"; whereas, the statutory writ generally allows for a trial de novo. Id. Since the Court of Criminal Appeals could not conduct a trial de novo, we will review the defendant's challenge as a petition for a common-law writ of certiorari. See Tenn. Code Ann. § 16-5-108(a) (1994) ("The jurisdiction of the court of criminal appeals shall be appellate only"); State v. Hicks, 55 S.W.3d 515, 529 (Tenn. 2001) (stating that the Court of Criminal Appeals' jurisdiction is appellate only).

In the case at bar, a majority of the Court of Criminal Appeals allowed the defendant's challenge to proceed as a petition for a common-law writ of certiorari. The majority concluded that the common-law writ was appropriate because the trial court had failed to consider the defendant's financial ability to pay and, therefore, the trial court's order constituted a "plain and palpable abuse of discretion." The majority also found that "no other plain, speedy, or adequate remedy is available to the [defendant] in this case." As such, the Court of Criminal Appeals reversed the trial court and "remanded for a determination of the amount and method of payment of restitution to be made after consideration of the [defendant's] financial resources and her future ability to pay or perform." In dissent, Judge Wedemeyer opined that the common-law writ of certiorari was an inappropriate method for considering the defendant's challenge to the trial court's order and that the trial court did not abuse its discretion. Thus, Judge Wedemeyer would have dismissed the defendant's appeal.

After reviewing the record in this case, we hold that the Court of Criminal Appeals erred when it reviewed the defendant's challenge to the trial court's decision as a petition for a common-law writ of certiorari. Our precedents have established that this extraordinary judicial remedy may only be employed in a very limited context and cannot be used if the reviewing court simply disagrees with the lower court's decision or reasoning.

Tennessee Code Annotated section 40-35-304(a) (2006) provides that "[a] sentencing court may direct a defendant to make restitution to the victim of the offense as a condition of probation." The sentencing court must specify the amount and time allowed for repayment at the sentencing hearing, and it should "consider the financial resources and future ability of the defendant to pay or perform." Tenn. Code Ann. § 40-35-304(c), (d) (2006). The sentencing court cannot "establish a payment or performance schedule extending beyond the statutory maximum term of probation supervision that could have been imposed for the offense." Id. § 40-35-304(c). Furthermore, the defendant, State, or victim "at any time may petition the sentencing court to adjust or otherwise waive payment or performance of any ordered restitution or any unpaid or unperformed portion thereof." Id. § 40-35-304(f). After conducting a hearing on a party's motion to alter the terms of restitution,

> [i]f the trial court finds that the circumstances upon which it based the imposition or amount and method of payment or other restitution ordered no longer exist or that it otherwise would be unjust to require payment or other restitution as imposed, the court may adjust or waive payment of the unpaid portion thereof or other restitution or modify the time or method making restitution.

Id.

Here, the record does not reveal that the trial court made an illegal ruling nor that the proceedings before it were "inconsistent with legal requirements." The trial court held a hearing pursuant to the restitution statute and it heard testimony from the defendant, her employer, and a representative of the law firm. The trial court's order demonstrates that it considered the defendant's

current and future financial situation and ability to pay the restitution amount. In addition, the trial court weighed the impact that any reduction in payments would have on the law firm, which suffered over a half-million dollar loss at the defendant's hands.

Furthermore, the trial court's order does not prevent the defendant from having her "day in court." Nor does the trial court's order deprive the defendant of "other plain, speedy, or adequate remed[ies]." The restitution statute provides that the parties may petition the trial court for a modification "at any time." See id. § 40-35-304(f). Indeed, the defendant has now petitioned the trial court twice to modify the terms of her probation. As the trial court noted in its order, if it were to reduce the defendant's monthly restitution payments to $500 per month, this would effectively extend the terms of her probation to approximately ninety-two years. This extension would violate the statutory limitations of the repayment period. See id. § 40-35-304(c). In addition, the State correctly points out that the defendant may challenge the restitution payments collaterally in a probation revocation hearing. See id. § 40-35-311(e) (stating "that in a case of the revocation of probation and suspension, the defendant has the right to appeal"); State v. Dye, 715 S.W.2d 36, 40 (Tenn. 1986); Tenn. R. App. P. 3(b) (providing that a "defendant may also appeal as of right from an order denying or revoking probation").

Lastly, we cannot agree with the Court of Criminal Appeals' conclusion that the trial court's denial constituted a "plain and palpable abuse of discretion." Nothing in the record indicates that the defendant received an unfair or incomplete hearing. The trial court's order sufficiently addressed the merits of the defendant's motion to modify and clearly articulated what factors led to its decision.[5] We agree with Judge Wedemeyer that the defendant's appeal is "simply a challenge on the merits to the trial court's findings of fact and conclusions of law." Accordingly, we hold the Court of Criminal Appeals erred in granting the petition for a common-law writ of certiorari and in holding the trial court's decision was a "plain and palpable abuse of discretion."

### III. Conclusion

In sum, we hold that the defendant cannot appeal as of right the trial court's denial of her motion to modify a condition of probation. Furthermore, the Court of Criminal Appeals erred in granting the defendant a common-law writ of certiorari and in holding that the trial court's decision was a "plain and palpable abuse of discretion." The record does not reflect that the trial court exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily in denying the defendant's motion to modify. Accordingly, we reverse the intermediate appellate court and remand to the trial court with instructions that the order denying the defendant's motion to modify be reinstated.

---

[5]See Cantrell, 4 Mem. St. U. L. Rev. at 30 ("The function of the reviewing court is limited to asking whether there was in the record before the fact-finding body *any* evidence of a material or substantial nature from which that body *could* have, *by reasoning from that evidence*, arrived at the conclusion of fact which is being reviewed. . . . To justify vacating a fact-finding there must be no evidence from which the lower body's finding could have been reached by reasoning from the evidence. If there is no such evidence, then the fact-finding is illegal, arbitrary, and capricious, and it is the duty of the reviewing court to vacate that finding.") (footnotes omitted).

Costs of this appeal are taxed to the defendant, Carri Chandler Lane, for which execution may issue if necessary.


_____
WILLIAM M. BARKER, CHIEF JUSTICE