# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 28, 2011

## STATE OF TENNESSEE v. JOSEPH MICHAEL HARDEN

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S56521     R. Jerry Beck, Judge**

---

**No. E2010-02487-CCA-R3-CD - Filed December 27, 2011**

---

The Defendant-Appellant, Joseph Michael Harden, appeals the Sullivan County Criminal Court's order granting the forfeiture of his automobile. The forfeiture proceedings were instituted pursuant to Tennessee Code Annotated sections 40-33-101 through -111 following his guilty pleas to aggravated robbery, a Class B felony, and conspiracy to commit aggravated robbery, a Class C felony. On appeal, Harden argues that the trial court abused its discretion in granting the forfeiture because the delay in the institution of forfeiture proceedings constituted a violation of his due process rights. Upon review, we determine that Harden does not have an appeal as of right under Tennessee Rule of Appellate Procedure 3(b). Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

C. Brad Sproles, Kingsport, Tennessee, for the Defendant-Appellant, Joseph Michael Harden.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Senior Counsel; H. Greeley Wells, Jr., District Attorney General; and D. Adam Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background.** The meager record in this case reflects that Harden was charged with aggravated robbery and conspiracy to commit aggravated robbery in June 2009. On September 13, 2010, Harden filed a "Motion for Return of Personal Property Held by the State as Evidence," in which he alleged that the State had held his car "since prior to the institution of these proceedings." Three days later on September 16, he pled guilty to the

charged offenses. On September 29, the City of Kingsport Police Department filed a forfeiture warrant, alleging that Harden's car was subject to forfeiture under Tennessee Code Annotated section 40-33-101. See T.C.A. § 40-33-101 (2006) (providing for the forfeiture of conveyances "used to transport, conceal or store money or goods that were the subject of a robbery offense under title 39, chapter 14, part 1 . . . where there is a final judgment of conviction"). The trial court set the matter for a hearing, a transcript of which was not included in the record. The court later filed a written order granting the forfeiture, from which Harden now appeals.

**Analysis.** Harden argues that the trial court abused its discretion in granting the forfeiture order. Because the forfeiture proceedings did not commence until seventeen months after police first seized the car, Harden asserts that his "due process rights against unreasonable seizures" were violated. The State responds, first, that this appeal should be dismissed because the trial court's forfeiture order is not appealable, under either Tennessee Rule of Appellate Procedure 3(b) or the relevant statutes governing the forfeiture of conveyances. Second, the State argues that Harden has waived the issue based on a failure to provide an adequate record on appeal. Third, concerning the merits of Harden's claim, the State argues that the Kingsport Police Department followed the relevant statutory requirements in seeking forfeiture and that Harden did not file a claim to the seized property, a statutory prerequisite for contesting the forfeiture.

We must first consider whether Harden has an appeal as of right to this court. Tennessee Code Annotated section 16-5-108(a) states that this court has appellate jurisdiction over final judgments of trial courts in criminal cases and "other cases or proceedings instituted with reference to or arising out of a criminal case." T.C.A. § 16-5-108(a)(1), (a)(2). The forfeiture proceedings at issue here are contingent on a final judgment of conviction, Id. § 40-33-101, and they may be fairly characterized as falling within the class of cases over which this court has jurisdiction. However, just because this court has subject matter jurisdiction does not mean that Harden has an appeal as of right in this case. State v. Phillips, 968 S.W.2d 874, 877 (Tenn. Crim. App. 1996) (concluding that "the fact that we have authority over this case and the constitutional issue raised does not necessarily mean that the defendant has properly appealed the case"). Tennessee Rules of Appellate Procedure 3, 9, and 10 are the typical avenues for appeal. Rules 9 and 10 govern interlocutory appeals and are therefore inapplicable to this appeal. Rule 3(b) provides:

> **Availability of Appeal as of Right by Defendant in Criminal Actions.** In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law

dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b). The Tennessee Supreme Court has strictly construed the provisions of Rule 3(b), stating that "the defendant does not have an appeal as of right to challenge the trial court's decision" in a particular circumstance unless "Rule 3(b) specifically enumerate[s]" such an appeal. State v. Lane, 254 S.W.3d 349, 353 (Tenn. 2008). See also id. (collecting cases in which Rule 3(b) does not provide appeal as of right).

The record is clear that this is not an appeal from a judgment of conviction, an order denying or revoking probation, or a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding. Additionally, Harden has not appealed any other issue from which a Rule 3(b) appeal properly lies, such that we might also consider the forfeiture issue. See State v. Millsaps, 920 S.W.2d 267, 273 (Tenn. Crim. App. 1995) ("[T]his court acquires jurisdiction of a case in its entirety, and thus may, as an incident thereto, possess jurisdiction of matters which it would not otherwise have cognizance were those matters independently presented."). Rather, Harden's notice of appeal explicitly appeals only "from the final Order Granting Forfeiture of a Conveyance." Because Rule 3(b) does not allow for an appeal as of right from such an order, this case is not properly before this court.[1] It is, therefore, dismissed.

**CONCLUSION**

Upon review, we conclude that Harden does not have an appeal as of right pursuant to Tennessee Rule of Appellate Procedure Rule 3(b). Accordingly, the appeal is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE

---

[1] The state legislature apparently contemplated the availability of some form of appeal from orders forfeiting conveyances. See T.C.A. § 40-33-108(c) (providing for the disposition of the conveyance while an appeal is pending). Nevertheless, such an appeal is not available under Rule 3(b). It is unnecessary to decide in this case when and under what procedure an appeal lies from forfeiture of conveyance orders.