# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 17, 2014

## STATE OF TENNESSEE v. JANET LYNN JARED

**Appeal from the Criminal Court for Putnam County**
**No. 08-0875   David Patterson, Judge**

—————

**No.  M2012-01739-CCA-R3-CD - Filed July 29, 2014**

—————

Appellant, Janet Lynn Jared, was convicted of theft over $10,000.  She was sentenced to six years, with the sentence to be served on probation if she paid restitution of over $82,000 to her victims.  To satisfy the judgment, she sold the family farm, but the sale resulted in net proceeds of only about $48,000.  The State subsequently filed a motion to order that the remaining amount of restitution be paid.  After several hearings, the Criminal Court ordered that Appellant pay the remainder of her obligation at the rate of $500 a month.  Appellant does not challenge the amount of restitution ordered by the Criminal Court, but she contends on appeal that the Court erred by ordering a payment schedule without considering her means and ability to pay, in violation of Tennessee Code Annotated section 40-35-304(d).  The State asks us to dismiss this appeal because under Tennessee Rule of Appellate Procedure 3(b) there is no appeal as of right from a decision to modify the conditions of probation.  We agree with the State.  This appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

John Phillip Parsons, Cookeville, Tennessee, for the appellant, Janet Lynn Jared.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Randy York, District Attorney General; and Beth Willis, Assistant District Attorney General, for the appellee, State of Tennessee.

-1-

## OPINION

### *Factual Background*

On August 28, 2009, Appellant pled guilty in the Criminal Court of Putnam County to theft of over $10,000 from her former employers. She was sentenced to six years, to be served on supervised probation and was ordered to pay restitution in the amount of money stolen. The judgment form indicated that Appellant had stolen "$60,000 or more" over a period of two years. The restitution to be paid to the victims amounted to $82,742.63. The judgment form also recited as a "special condition" that Appellant "make every effort to obtain a second mortgage on the family farm in order to pay the restitution in full or she will confess judgment of restitution amount in the civil action and will not resist or hinder collection efforts including sale of the family farm if required."

As the above condition suggests, Appellant's victims brought a civil action against her for damages arising from the same conduct that led to her criminal offense. That action was filed in the White County Chancery Court.[1] Although the civil case is separate from the criminal prosecution, the judgment in the civil case was a factor in the subsequent Criminal Court proceedings involving the calculation of the amount of restitution owed.

Appellant's husband, David Jared, was named as a co-defendant in the civil case, but criminal charges were not brought against him.[2] After a trial, the Chancery Court entered a judgment against the defendants for compensatory damages in the amount of $152,620, "which includes the restitution amount required from defendant Janet Jared in her Criminal Court judgment." The court declared that $27,217.56 of that amount was chargeable to David Jared. The remainder, $125,402.44, was chargeable to Appellant.[3]

The family farm was sold on August 18, 2011. The net proceeds of $48,512.69 were paid to the victims through the Chancery Court. On March 30, 2012, the State filed a notice that it was putting the criminal matter back on the Criminal Court docket to review Appellant's compliance with the payment of restitution, to calculate the amount still owed,

---

[1]Appellant's family farm was located in White County.

[2]The record shows that Appellant and David Jared were in the midst of divorce proceedings while their legal obligations to the victims were being adjudicated.

[3]The compensatory damages included consequential and incidental damages. The Chancery Court awarded an additional $50,000 in punitive damages. David Jared paid his civil damages in full, along with interest. A satisfaction of judgment in his favor was signed and filed in the Chancery Court on November 6, 2010.

and to determine the schedule for a further payment of restitution.

The court conducted a hearing on May 22, 2012. Appellant contended during the hearing that both the proceeds from the sale of the farm and the satisfaction of David Jared's judgment should count towards Appellant's restitution obligation. The State argued that David Jared's payment could not be used to discharge Appellant's obligation to the Criminal Court. Because the orders resulting from the White County Chancery Court proceedings had not yet been filed in the Criminal Court, the Criminal Court continued the hearing to give the parties the opportunity to submit documents to resolve the questions that had been raised.

On July 12, 2012, the State filed a Motion to Order Restitution and attached copies of the orders of the White County Chancery Court as exhibits. The State conceded that Appellant's payment of $48,512.69 into the Chancery Court should count towards the restitution ordered by the Criminal Court but argued that since David Jared was never charged criminally, Appellant should not benefit from his payment on the civil judgment. The State also asserted that Appellant had not paid anything to the victims aside from the sale proceeds and calculated that the remaining restitution in the case was $34,229.94, which it asked to be paid at the rate of $500 a month.

The Criminal Court heard the State's motion on July 24, 2012. Appellant's attorney asked to be allowed to file a response to the motion and agreed to submit it within five days. However, no such response is found in the appellate record. On August 1, 2012, the Criminal Court filed an order announcing its decision. The order declared that "[t]he attorneys for the State and the Defendant filed documents to assist the court in its determination," but the order did not identify those documents. The Court ruled that Appellant's payment towards the civil judgment was a partial satisfaction of the restitution ordered, that Appellant still owed $34,229.94, and that it was to be paid to the Clerk of the Criminal Court "at a rate of $500 each month until full restitution is made."[4] This appeal followed.

*Analysis*

Tennessee Code Annotated section 40-35-303(d)(10) gives the sentencing court the

-----

[4]The Criminal Court may order that the restitution be paid in installments, but it may not establish a payment schedule that extends "beyond the maximum term of probation supervision that could have been imposed for the offense." T.C.A. § 40-35-304(c). Since Appellant's probation only had about three more years to run, the Court's order that she continue making payments "until full restitution is made" may be unrealistic. However, if the time of payment expires before full restitution is made, the victim or the victim's beneficiary may apply to an appropriate civil court to have the unpaid balance converted into a civil judgment. T.C.A. § 40-35-304(h).

authority to make payment of restitution to the victim of an offense a condition of probation. Tennessee Code Annotated section 40-35-304 sets out the procedure and standards for the court to follow when ordering restitution. The restitution must be based on the nature and amount of the victim's pecuniary loss. T.C.A. § 40-35-304(b). Further, "[i]n determining the amount and method of payment or other restitution, the court shall consider the financial resources and future ability of the defendant to pay or perform." T.C.A. § 40-35-304(d).

Appellant argues that the Criminal Court erred by not inquiring into her financial resources or her future ability to pay, as required by Tennessee Code Annotated section 40-35-304(d), before it ordered her to pay her remaining obligation at the rate of $500 a month. She asks us to remand this case so the Criminal Court can conduct such an inquiry. The State urges us to dismiss this appeal, asserting that an order modifying the conditions of probation is not appealable as of right.

The State notes that while an original judgment imposing restitution as a condition of probation could have been appealed before the judgment became final, the Tennessee Supreme Court has determined that the same is not true of an order modifying the conditions of probation. In *State v. Lane*, 254 S.W.3d 349 (Tenn. 2008), the Supreme Court noted that such orders are not on the list of appealable judgments and orders in criminal actions set out in the Tennessee Rules of Appellate Procedure. *See* Tenn. R. App. P. 3(b). The Court applied the Latin maxim of *"expressio unius est exclusio alterius,"* meaning, "the expression of one thing implies the exclusion of things not mentioned," to conclude that a party who filed a motion to reduce her monthly restitution payment was not entitled to appeal the trial court's denial of that motion. *Lane*, 254 S.W.3d at 353. The State contends that the same principle applies in this case. We find that the State's argument is well taken and that this appeal must be dismissed.

*Conclusion*

We dismiss this appeal.

_____
JERRY L. SMITH, JUDGE

-4-