# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs January 21, 2016

## STATE OF TENNESSEE v. JAMES FREDERICK HEGEL

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S54351    R. Jerry Beck, Judge**

---

### No. E2015-00953-CCA-R3-CO – Filed May 23, 2016

---

The appellant, James Frederick Hegel, appeals the Sullivan County Criminal Court's denial of his motion to suspend the costs the court ordered he pay for his 2009 convictions of rape of a child and incest. Based upon the record and the parties' briefs, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which, ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

James Frederick Hegel, pro se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Barry Staubus, District Attorney General; and Julie R. Canter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In June 2009, a Sullivan County Criminal Court Jury convicted the appellant of rape of a child, a Class A felony, and incest, a Class C felony. After a sentencing hearing, the trial court ordered that he serve consecutive sentences of nineteen and three years, respectively. The court also ordered that he pay fines of $20,000 and $10,000, respectively, and the costs incurred for the prosecution of the two offenses. This court

affirmed the appellant's convictions.  See State v. Jim Frederick Hegel, No. E2010-00747-CCA-R3CD, 2011 WL 3198188 (Tenn. Crim. App. at Knoxville, July 27, 2011).  This court also affirmed the post-conviction court's denial of his petition for post-conviction relief.  See James Frederick Hegel v. State, No. E2013-01630-CCA-R3-PC, 2014 WL 2106703 (Tenn. Crim. App. at Knoxville, May 19, 2014), perm. to appeal denied, (Tenn. 2014).

In February 2015, the appellant filed a pro se motion for "SUSPENION OF COSTS AND LITIGATION TAX FOR INDIGENT DEFENDANT/PETITIONER."  In the motion, the appellant argued that the trial court should suspend his costs because he was disabled, which severely limited his ability to work in prison, and because his pay for prison work was so low that he could not even afford items for personal hygiene.  In April 2015, the trial court filed an order summarily denying the motion.  In the order, the trial court stated that the appellant "has filed a Motion to Waive Fines" and that "after considering the Motion, the case files, and the evidence in these cases, [the court] is of the opinion that the Motion should be denied."

## II.  Analysis

The appellant contends that the trial court's order failed to address whether the court should suspend his costs and that his costs should be suspended.  The State argues that the trial court's order denying the motion is not an action from which an appeal lies under Tennessee Rule of Appellate Procedure 3(b).  We agree with the State.

Tennessee Rule of Appellate Procedure 3(b) limits a criminal defendant's appeal as of right to

> any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals:  (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had.  The defendant may also appeal as of right from an order denying or revoking

probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Our case law has firmly established that "[u]nlike civil litigants, who have an appeal as of right from any final judgment, parties in criminal cases do not always have an appeal as of right under the Rules of Appellate procedure." State v. Lane, 254 S.W.3d 349, 352 (Tenn. 2008). Moreover, this court has stated that "[i]f an order is not specifically listed in Rule 3(b) as one of the types of orders or judgments from which an appeal as of right exists, then there is no appeal as of right from that order." State v. Jay Bean, No. M2009-02059-CCA-R3-CD, 2011 WL 917038, at *2 (Tenn. Crim. App. at Nashville, Mar. 16, 2011). Here, Rule 3(b) does not specifically provide for an appeal as of right from a motion to suspend costs. Therefore, we conclude that the appellant's appeal should be dismissed.

### III. Conclusion

Based upon the record and the parties' briefs, the appeal is dismissed.

_____
NORMA MCGEE OGLE, JUDGE