IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 16, 2016 at Knoxville

**STATE OF TENNESSEE v. RICKY LEE WEBB**

**Appeal from the Circuit Court for Gibson County**
**No. H4374     J. Weber McCraw, Judge**

---

**No. W2016-00088-CCA-R3-CO  -  Filed September 20, 2016**

---

The petitioner, Ricky Lee Webb, appeals from the Gibson County Circuit Court's summary dismissal of his petition for writ of certiorari in which he sought relief from his 1983 jury convictions of first degree murder and rape on the basis of alleged erroneous evidentiary rulings. Because no appeal as of right lies from the trial court's ruling in this case, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Ricky Lee Webb, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; and Garry Brown, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1983, the petitioner was convicted of first degree murder and rape and received two consecutive life sentences. *See State v. Ricky Lee Webb*, No. 4, slip op. at 1 (Tenn. Crim. App., Jackson, Dec. 1, 1983), *perm. app. denied* (Tenn. Mar. 12, 1984). The petitioner's convictions and sentences were affirmed by this court on direct appeal. *See id.*, slip op. at 5. In 1989, the petitioner filed an untimely petition for post-conviction relief, *see Ricky Lee Webb v. Henry Steward*, No. 1:13-1130-JDB-egb (W.D. Tenn. Dec. 19, 2013), and in both 1992 and 2013, the petitioner sought federal habeas corpus relief, both of which claims were dismissed, *see id.*; *In re: Ricky Lee Webb*, No. 14-5027, slip op. at 1-3 (6th Cir. Dec. 22, 2014).

On June 22, 2015, the petitioner filed a "Petition for Writs of Certiorari and Supersedeas" with the trial court, in which he appeared to claim that the trial court in his 1982 trial "acted illegally" by admitting improper hearsay testimony into evidence. Thereafter, the petitioner filed a "Memorandum of Law and Argument" in support of his petition. The trial court denied the petition on December 9, 2015, finding that the petitioner's request for review of "evidentiary rulings of the trial court during a prior trial" was not properly before the trial court.

In this appeal, the petitioner essentially contends that the trial court erred by denying his petition without stating any basis for the relief he seeks.

"A writ of certiorari is an order from a superior court to an inferior tribunal to send up a complete record for review, so that the reviewing court can ascertain whether the inferior tribunal has exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily." *State v. Lane*, 254 S.W.3d 349, 354 (Tenn. 2008) (citations omitted). "The common-law writ of certiorari is 'of ancient origin and has been characterized as extraordinary, remedial, revisory, supervisory, and prerogative.'" *Id.* (quoting *State v. Johnson*, 569 S.W.2d 808, 812 (Tenn. 1978); *Tenn. Cent. R.R. v. Campbell*, 75 S.W. 1012 (Tenn. 1903)). An extremely limited avenue of relief, the writ of certiorari is available "to correct '(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion.'" *Lane*, 254 S.W.3d at 355 (quoting *Willis v. Tenn. Dep't Corr.*, 113 S.W.3d 706, 712 (Tenn. 2002)). The writ may also lie "'[w]here either party has lost a right or interest that may never be recaptured.'" *Lane*, 254 S.W.3d at 355 (quoting *Johnson*, 569 S.W.2d at 815).

In the instant case, the petitioner is essentially attempting to bootstrap his evidentiary issue into court by filing a document in the *trial court* that by its very terms is designed to prompt an *appellate court* to review the action of an inferior tribunal. This, quite simply, is beyond the office of the writ of certiorari. More importantly, no appeal as of right lies from the trial court's ruling in this case. The Tennessee Rules of Appellate Procedure set forth the availability of appeal as of right in criminal actions:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to

and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order on a request for expunction.

Tenn. R. App. P. 3(b). Dismissal of a petition for writ of certiorari is not among these available options. Furthermore, the petitioner has failed to state any other valid cause of action in the trial court that could be the predicate for appealing the writ of certiorari. That said, this court has no jurisdiction to entertain this appeal as a Tennessee Rule of Appellate Procedure 3 appeal because the underlying cause of action is not among those for which a Rule 3 appeal is authorized. *See* Tenn. R. App. P. 3.

Accordingly, the petitioner's appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-