# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 13, 2016[1]

## IN RE B.T.

### Appeal from the Circuit Court for Jefferson County
### No. 13078    O. Duane Slone, Judge

_____

### No. E2016-00204-COA-R3-JV

_____

On October 3, 2015, the Jefferson County Sheriff filed a petition in the Jefferson County Juvenile Court requesting the court to "make inquiry into" an alleged violation of the adult crime of first degree murder by B.T., an eleven-year-old boy. The juvenile court initially set an adjudicatory hearing for October 28, 2015, but the court later granted two continuances at the request of the State. B.T. filed a petition for writ of certiorari and motion to dismiss in the Circuit Court for Jefferson County seeking dismissal of the petition against him on the basis that the juvenile court erred in granting the continuances. On January 6, 2016, the circuit court held a hearing on the respondent's filings. The court took the matter under advisement pending the juvenile court's adjudicatory hearing scheduled for January 22, 2016. B.T. appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Edward C. Miller, Public Defender, 4th Judicial District, and Rebecca V. Lee, Assistant Public Defender, Dandridge, Tennessee, for the appellant, B.T.

Herbert H. Slatery III, Attorney General and Reporter, and James E. Gaylord, Senior Counsel, Criminal Appeals Division, Nashville, Tennessee, for the appellee, State of Tennessee.

_____

[1] This case was on the December 2016 Knoxville oral argument docket, but the parties agreed to submit the case on briefs.

**OPINION**

**I.**

On October 3, 2015, B.T. asked an eight year-old female neighbor who was playing outside his home to see puppies she had in her home. When the girl refused, B.T. got a shotgun from his parents' closet and shot the girl in the chest from a window inside his home. The girl died from her wounds.

An adjudicatory hearing was scheduled in the juvenile court for October 28, 2015. On October 20, 2015, the State filed a motion to continue that hearing on the basis that it was awaiting the results of firearm testing and fingerprint analysis. The State also asserted that it was seeking to obtain a psychological evaluation and B.T.'s school records.

B.T. opposed the motion on the grounds that (1) he was willing to stipulate that his fingerprints and another child's fingerprints would be on the firearm, (2) he was also willing to stipulate that the firearm was the firearm used in the shooting, (3) the State is not entitled to a psychological evaluation unless he intends to use the report in his case-in-chief or intends to call the psychologist as a witness, (4) the State is not entitled to his school records unless he intends to use the evidence in his case-in-chief or call the author of the records as a witness at trial, and (5) the evidence the State is seeking to obtain would not constitute an extraordinary reason to grant the continuance, such as is required by the rules of juvenile procedure. The juvenile court granted the State's motion and continued the hearing to December 16, 2015.

Prior to the December hearing, the State filed a motion to continue that hearing. The State asserted that the firearm testing and fingerprint analysis had not yet been completed. Additionally, the State had requested a trajectory analysis of which it was awaiting the results.

B.T. opposed the second motion on many of the same grounds that he opposed the State's first motion. He also asserted that the State did not request a trajectory analysis until recently and that he should not be prejudiced because of the State's delay. On December 14, 2015, the juvenile court held a hearing on the State's motion to continue. The court granted one final continuance and set the adjudicatory hearing for January 22, 2016.

On December 15, 2015, B.T. filed a petition for a writ of certiorari and a motion to dismiss the juvenile court petition against him with prejudice in the Jefferson County Circuit Court. In his petition for certiorari, B.T. asserted that the juvenile court granted the first continuance without a showing of good cause in violation of Tennessee Rule of Juvenile Procedure 17(b) and granted the second continuance without a showing of

extraordinary circumstances warranting the continuance. He also asserted that "the juvenile court exceeded its jurisdiction and acted illegally by setting a date for the adjudicatory hearing beyond the ninety-day window" established by Tennessee Rule of Juvenile Procedure 17(a).

On January 6, 2016, the circuit court held a hearing on B.T.'s petition for writ of certiorari and motion to dismiss. In making its ruling, the court found the following with respect to the State's requests for continuances:

> [T]he matter being set for hearing 111 days after the alleged offense occurred[,] . . . the Juvenile Court has not acted with regard to granting continuances illegally, arbitrarily or capriciously. The State in ordering some of these tests or asking for them, the State's obligation isn't just to . . . have the accused convicted or adjudicated in this case, but the State's obligation is to make sure that the right person is . . . convicted[.] . . . [T]hey have a higher obligation than defense counsel does in that regard. . . . And the Court – while no evidence was introduced during the trial to support the request for a fingerprint analysis and trajectory analysis and the timing [with] respect . . . to the evidence not being introduced, either it was or it wasn't, and there[] . . . should not be any requirement that you bring in some officer to . . . testify that this is the reason for fingerprint analysis. The courts know why you need fingerprint analysis, trajectory analysis, firearms analysis. And then an officer of the court represents [it] hasn't been done . . . or . . . we've requested it, . . . the Court finds that to be sufficient.
>
> Now, the timing again of the request for certain analysis, if we were months down the road, a year down the road, and the State said no trajectory analysis has been done [and] there wasn't a really good explanation why it hadn't been done yet, then if the Court exercises discretion, [it] could very well not grant the continuance on that basis. The Juvenile Court was well within its bounds to grant the continuance . . . for the reasons set forth.

In addressing B.T.'s petition for writ of certiorari, the court made the following finding:

> . . . I could do two things. I can dismiss the petition for a certiorari or I can take it under advisement. If I did that it

- 3 -

would extend it beyond the next hearing date [of January 22, 2016]. . . . So I'm going to do that and I'm also going to be during that time period reviewing the affidavit of Kathryn Smith[, the doctor who completed a psychological evaluation on B.T.].

Finally, the court addressed B.T.'s concern regarding the hearing being extended so many days, said concern being expressed in light of Tennessee Rule of Juvenile Procedure 17. That rule provides that when a child is detained, "[i]n any event, every case shall be scheduled to be heard within ninety (90) days." The court noted the following with regard to the ninety-day time frame:

I believe and even in my interpretation of the comments are that [it] is foreseeable that there are times that it's going to be heard outside 90 days. I think the intention is in every possible case to try to get the matters resolved in a very timely way and that's the reason 90 days were placed within the statutory scheme. And the remedy again would be that the Juvenile Court, discretionary Juvenile Court could dismiss. . . . There are good reasons that the juvenile would want the case extended beyond 90 days perhaps as well. Because just like in this case, it could be that this young man was adjudicated guilty or to . . . have committed these acts and a delay might have led to evidence that could very well have exonerated him. And so at the end of the day justice needs to be done.

At the hearing, B.T. also alleged that the circuit court did not uphold its duty to hear his appeal within forty-five days, as required by Tenn. Code Ann. § 37-1-159(c) (2010). That section provides that

[w]hen an appeal is taken from a juvenile court's decision that involves the removal of a child . . . from the custody of their natural or legal parents or guardian or from the department of children's services, or when the decision appealed involves the deprivation of a child's liberty as the result of a finding that such child engaged in criminal activity, such hearing shall be held within forty-five (45) days of receipt of the findings and reports.

In addressing this issue, the circuit court found that it had previously dismissed B.T.'s appeal for lack of jurisdiction and that it had, in fact, addressed the appeal within the prescribed forty-five day time frame.

At the January 6, 2016 hearing, B.T. asked that he be released to the custody of his grandparents or great-grandparents. On that issue, the circuit court found that it had just received the psychological report and that it was not going to consider the request on that date but it could if no action was taken at the January 22, 2016 hearing. B.T. appeals the circuit court's January 6, 2016 ruling.

**II.**

B.T. raises the following issues as quoted verbatim from his brief:

> Whether the circuit court erred in denying the petition for writ of certiorari because the juvenile court acted illegally in granting two continuances.

> Whether the circuit court erred in denying the petition for writ of certiorari because the juvenile court acted illegally by continuing the delinquency matter beyond ninety days.

> Whether the circuit court acted illegally . . . by not hearing the appeal of the juvenile within forty-five days on the merits as required by Tennessee Code Annotated section 37-1-159(c).

**III.**

We review the trial court's factual findings de novo upon the record. We will presume the trial court's findings of fact are correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *In re Adoption of A.M.H.*, 215 S.W.3d 793, 809 (Tenn. 2007). "Questions of law . . . are reviewed de novo with no presumption of correctness." *In re Angela E.*, 303 S.W.3d 240, 246 (Tenn. 2010).

Our Supreme Court has stated the following with regard to our standard of review of a decision involving a writ of certiorari:

> A lower court's decision to grant or deny a petition for a common-law writ of certiorari is reviewed using an abuse of discretion standard. When employing this standard, the lower court's decision should not be disturbed unless the lower court "applied an incorrect standard, or reached a decision which is against logic or reasoning that caused an injury to the party complaining."

*State v. Lane*, 254 S.W.3d 349, 354-355 (Tenn. 2008) (Internal citations omitted.)

**A.**

In his brief, B.T. argues that "[t]he two continuances granted in this matter failed to comply with [Tennessee Rule of Juvenile Procedure 17] and were therefore illegal." He asserts that the court failed to find good cause to grant the continuances and, therefore, "acted illegally and beyond its jurisdiction." B.T. concludes that he "had no other speedy, plain, and adequate remedy pursuant to Tennessee Code Annotated section 37-1-159 [because he] could not appeal the decision to circuit court because it was not a final order." In his argument, B.T. does not specify the remedy he seeks. His statement of issues on appeal in his brief, however, raises the issue of "[w]hether the circuit court erred in denying the petition for writ of certiorari because the court acted illegally in granting two continuances." Accordingly, we will address the issue based on this question presented for review.

B.T.'s argument that the circuit court erred in denying his petition for writ of certiorari on this basis is flawed. The record is clear that the circuit court did *not*, in fact, deny his petition for writ of certiorari. The circuit court's January 6, 2016 ruling addresses his petition for certiorari as follows:

> I could do two things. I can dismiss the petition for a
> certiorari or I can take it under advisement. If I did that it
> would extend it beyond the next hearing date. Of course, the
> petition for the writ of certiorari could be amended. So I'm
> going to do that . . . .

Thus, the circuit court clearly did not deny B.T.'s petition for writ of certiorari but rather it took it under advisement. B.T.'s appeal with respect to this issue is misplaced because the court made no ruling denying his petition. We cannot find that the circuit court erred in denying his petition when the court did not, in fact, deny his petition. There is no final judgment from the circuit court, as required by Tenn. R. App. P. 3, denying B.T.'s petition for certiorari in the record before us to review. We hold, as a matter of law, that the answer to the issue under discussion is simply that the circuit court did not deny the petition.

**B.**

B.T. also challenges the continuance of the juvenile court's adjudicatory hearing beyond ninety days. He argues that Tennessee Rule of Juvenile Procedure 17(a) "establishes a thirty-day time frame for the juvenile court to place the matter on the docket [and] requires that the matter must be actually heard within the ninety-day time limit." B.T. asserts that, while Tennessee Rule of Juvenile Procedure 17(b) allows for

continuances of a juvenile adjudicatory hearing, the ninety-day time limit is mandatory and continuances cannot extend the hearing beyond that. He, again, does not assert the remedy sought in his argument section, stating that he had "no other speedy, plain, and adequate remedy."

B.T.'s issue presented for review is "whether the circuit court erred in denying the petition for writ of certiorari because the juvenile court acted illegally by continuing the delinquency matter beyond ninety days." Accordingly, we will address that issue.

Again, B.T.'s argument is flawed. In making its ruling, the court addressed the ninety-day time limit as follows:

> [It] is foreseeable that there are times that [the adjudicatory hearing is] going to be heard outside ninety days. I think the intention is in every possible case to try to get the matters resolved in a very timely way and that's the reason 90 days were placed within the statutory scheme. And the remedy again would be that the Juvenile Court, discretionary Juvenile Court could dismiss. They shall be heard within 90 days, but there are good reasons . . . that the juvenile would want the case extended beyond 90 days perhaps as well.

Based on the circuit court's ruling, it did not, in fact, deny B.T.'s petition for writ of certiorari. As noted previously, the court took the petition under advisement. B.T. is not entitled to relief based upon the circuit court's alleged "denial" of his petition for certiorari. There was no denial of B.T.'s petition for writ of certiorari as it pertains to the issue of the juvenile court continuing the hearing past ninety days. We hold, as a matter of law, that the circuit court did not act illegally by denying the petition for writ of certiorari when, in fact, the court took the petition under advisement rather than denying it.

## C.

B.T. argues that the circuit court acted illegally because it did not hear his appeal on the merits within forty-five days. As previously noted, Tenn. Code Ann. § 37-1-159(c) (2010)[2] states the following:

> When an appeal is taken from a juvenile court's decision that involves . . . the deprivation of a child's liberty as the result of a finding that such child engaged in criminal activity, such

---

[2] This is the version of the statute in effect throughout the duration of B.T.'s case and is identical to the current version effective July 1, 2016.

> hearing shall be held within forty-five (45) days of receipt of
> the findings and reports.

B.T. notes that "the forty-five day time frame is discretionary in nature, [but] the General Assembly clearly intended that the cases where a child is . . . deprived of his liberty be given preference and processed expeditiously." He asserts that "an extended delay is impermissible[, and] it is particularly egregious when such delay prejudices the Child." He summarily asserts that "[p]rejudice to [him] is clearly shown by the affidavit of Dr. Kathryn Smith."

We are not persuaded by B.T.'s argument. Based upon B.T.'s brief and the record before us, it is not clear when the forty-five day time frame began or expired. He does not specify the decision of the juvenile court from which he appealed to the circuit court, the date of his appeal to the circuit court that he is challenging, or the date by which the circuit court was required to hear his appeal. While a delay in hearing an appeal may prejudice a child, this Court cannot determine whether B.T. was prejudiced by a delay without the facts and dates involved in the alleged delay.

The record contains a notice of appeal to the Circuit Court of Jefferson County filed on October 14, 2015. On January 6, 2016, the circuit court held a hearing on B.T.'s motion to dismiss petition with prejudice and his petition for writ of certiorari. The transcript of the proceeding from that hearing indicates that the court dismissed B.T.'s earlier appeal for lack of jurisdiction. During the hearing, B.T.'s counsel moved "the Court to hear the appeal of the detention hearing that the Court found it did not have jurisdiction." At the hearing, the circuit court indicated that it took up the appeal within forty-five days but dismissed it. The record, however, does not indicate the date on which the circuit court dismissed the appeal. Other than that notice of appeal, there is no indication in B.T.'s brief or in the record of the facts on which B.T. is relying to challenge the Tenn. Code Ann. § 37-1-159 forty-five day time frame. The record indicates that the court did hear the appeal but dismissed it for lack of jurisdiction.

At the circuit court hearing, counsel for B.T. asserted that, while the court had taken up the appeal within forty-five days and dismissed it, "my argument is that merits weren't addressed." The court did address the jurisdictional issue within forty-five days. Having found a lack of jurisdiction, the court was without power to address the merits.

Without additional facts, we cannot determine whether the circuit court had jurisdiction or the date upon which it dismissed the appeal for lack of jurisdiction. Other than the bald assertion that the circuit court acted illegally by failing to hear B.T.'s appeal on the merits within forty-five days, there is no evidence to indicate that the circuit court acted illegally. The facts that we may consider are "those facts established by the evidence in the trial court and set forth in the record." Tenn. R. App. P. 13. Our de novo review of the facts in the record in this case does not contain sufficient facts to find that

the trial court acted illegally by not hearing B.T.'s appeal within forty-five days. We hold, as a matter of law, that the evidence preponderates against B.T.'s claim that the circuit court acted illegally by failing to hear his appeal on the merits within forty-five days.

## V.

The judgment of the trial court is affirmed. The costs on appeal are assessed to the appellant, B.T. This case is remanded for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE