IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 3, 2021 Session

## STATE OF TENNESSEE v. EARLESA MCCLELLAN

**Appeal from the Circuit Court for Madison County**
**No. 20-200    Roy B. Morgan, Jr., Judge**

—————————————————

**No. W2020-00742-CCA-R3-CD**

—————————————————

This is an Appeal by the State in which we are ask to conclude that a dismissal by a general sessions court for lack of probable cause is subject to de novo review by a circuit court, pursuant to Tennessee Code Annotated section 27-5-108. After the Madison County General Sessions Court dismissed the charge against Defendant, Earlesa McClellan, the district attorney general forwent a grand jury indictment and instead appealed to the Madison County Circuit Court. Finding that an appeal of a general sessions court's probable cause determination to the circuit court is not proper procedure, the circuit court dismissed the appeal. The State now appeals to this Court. After a thorough review of the record, we dismiss the appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and D. KELLY THOMAS, JR., J., joined.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Michelle R. Shirley and Faith A. Mote, Assistant District Attorneys General, for the appellant, State of Tennessee.

Anna B. Cash, Jackson, Tennessee, for the appellee, Earlesa McClellan.

## OPINION

*Factual and Procedural Background*

On January 22, 2020, Defendant was arrested by the Madison County Sheriff's Office ("MCSO") and charged for a violation of Tennessee Code Annotated section 39-17-417, possession of marijuana with the intent to sell, deliver and distribute.

A preliminary hearing was conducted on March 3, 2020 by the Madison County General Sessions Court. At the hearing, MCSO Deputy Trevor Reasons testified that on January 21, 2020, he attempted to stop a white Hyundai Sonata that appeared to "be in excess of the speed limit" on Riverside Drive in Jackson, Tennessee. Deputy Reasons was initially unable to catch the vehicle, but later saw it fail to yield at a red light at the intersection of Riverside and West Main Street. At that time, Deputy Reasons engaged his blue lights and attempted to initiate a traffic stop. Because the vehicle was traveling at a high speed, Deputy Reasons again lost sight of it. Deputy Reasons described the white Hyundai Sonata over the police radio as having either a very dim or non-functioning driver's side taillight, and potentially evading arrest for speeding and failing to yield at a red light. Twelve minutes later, MCSO Deputy Brent Cisco advised Deputy Reasons that he was driving on Lambuth Boulevard and had located a vehicle matching the description in front of him on the road.

Deputy Cisco testified that he engaged his blue lights, initiated a traffic stop, and pulled the vehicle over on the road. When he approached the vehicle, he smelled a strong odor of marijuana. Additional deputies arrived at the scene and they, along with Deputy Cisco, asked the occupants to exit the vehicle. When Deputy Reasons arrived, he identified the vehicle as the same one he had seen speeding and failing to yield roughly fifteen minutes prior. Based off of the marijuana odor, the deputies searched the vehicle. Behind the middle console in the backseat, they found a clear, plastic container filled with multiple plastic bags of what appeared to be marijuana. In one of the front seats, they found an envelope containing what appeared to be marijuana.

The general sessions court judge stated he learned the previous week at a judicial conference that, according to the Tennessee Bureau of Investigation, "[t]here is no way under a trained eye or even a trained microscope that you can tell the difference between legal hemp and high[-]grade marijuana." Relying on this information, the general sessions court dismissed the charge against Defendant for possession of marijuana with intent to sell, deliver and distribute. The court stated that because it was not possible to distinguish between legal and illegal hemp by sight or smell, there was no probable cause, and therefore the search of the vehicle was unlawful. The State appealed to the circuit court under Tennessee Code Annotated section 27-5-108.

On appeal to the Madison County Circuit Court, the State argued that Tennessee Code Annotated section 27-5-108 gave it the right to appeal from the general sessions court's dismissal on the issue of probable cause because the statute reads, "Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter." T.C.A. § 27-5-108(a)(1). The circuit court stated that it had never seen an appeal of a

preliminary hearing and explained that if a general sessions court did not find probable cause, the State could still take the case to the grand jury. Neither the court nor the State were able to find any case law to provide a basis for appealing a preliminary hearing determination of probable cause under Tennessee Code Annotated section 27-5-108(a)(1). The State argued that if it could not use this statute to appeal, the statute would be "toothless." The circuit court responded that this statute could still be used to appeal from a trial on the merits in general sessions courts. The circuit court cited Rule 5.1(c) of the Tennessee Rules of Criminal Procedure and stated:

> And that means going to the grand jury, subsequent prosecution. So[,] your office would have the same right to have another probable cause finding by going to the grand jury, but you're going to use another vehicle that there's no authority on, no case authority, no -- nothing that I could find and just say, we're going to start bringing all these [cases] to Circuit Court.

The circuit court expressed further concern with the State's ability to "lay back and not even get [its] witnesses there [at the preliminary hearing] and just start appealing to Circuit Court." The circuit court dismissed the State's appeal, finding that Tenn. R. Crim. P. 5.1(c) allows the State to present the case to the grand jury for a probable cause determination even after a general sessions court dismisses a charge, and that is the proper remedy for the State rather than an appeal to the circuit court. It further found that de novo appeals of preliminary hearings on issues of probable cause frustrate judicial economy, create precedent that lends itself to unnecessary litigation, and may even disqualify the circuit court that heard the de novo appeal from hearing the case after indictment. The State appealed to this Court pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure.

*Analysis*

The State asks this Court to determine whether the circuit court failed to comply with Tennessee Code Annotated section 27-5-108(c) when it dismissed the State's appeal. Specifically, the State complains that the circuit court failed to conduct a de novo review of the general sessions court's preliminary hearing dismissing Defendant's charge for lack of probable cause.

However, a threshold issue is whether, pursuant to Tennessee Rule of Appellate Procedure 3, the State has a right to appeal to this Court. We conclude that it does not.

Subject matter jurisdiction, as our Supreme Court explained in *Johnson v. Hopkins*:

- 3 -

involves the court's lawful authority to adjudicate a controversy brought before it. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012); *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). Subject matter jurisdiction is conferred by statute or the Tennessee Constitution; the parties cannot confer it by appearance, plea, consent, silence, or waiver. *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012). Any order entered by a court lacking jurisdiction over the subject matter is void. *Id.* Therefore, subject matter jurisdiction is a threshold inquiry, which may be raised at any time in any court. *Id.*

*Johnson v. Hopkins*, 432 S.W.3d 840, 843-44 (Tenn. 2013).

Generally, the State does not have the right to appeal in a criminal case "'unless the right is expressly conferred by a constitutional provision or by statute.'" *State v. Menke*, 590 S.W.3d 455, 460 (Tenn. 2019) (quoting *State v. Meeks*, 262 S.W.3d 710, 718 (Tenn. 2008)); *see* Tenn. R. Crim. P. 37(b) (stating that "the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal"). "'When a statute affords [the State] the right to an appeal in a criminal proceeding, the statute will be strictly construed to apply only to the circumstances defined in the statute.'" *Menke*, 590 S.W.3d at 460 (quoting *Meeks*, 262 S.W.3d at 718). Our Supreme Court has stated that Rule 3 limits appeals as of right to those that are expressly enumerated in the Rule. *See State v. Lane*, 254 S.W.3d 349, 353 (Tenn. 2008). Tennessee Rule of Appellate Procedure 3(c) provides as follows:

Availability of Appeal as of Right by the State in Criminal Actions. In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding, from an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, and from a final order on a request for expunction.

Here, the State is appealing the circuit court's dismissal of the State's appeal for lack of proper procedure. The circuit court dismissed the State's appeal on the grounds that "appealing a general session's probable cause determination to the circuit court is not a proper procedure." Appealing an order dismissing an appeal for lack of proper

- 4 -

procedure is not a specifically enumerated issue in Rule 3(c). *See* Tenn. R. App. P. 3(c). Therefore, the only possible avenue to appeal under Rule 3(c) is through finding that the substantive effect of the order dismissing the State's appeal "results in dismissing an indictment, information, or complaint." Tenn. R. App. P. 3(c)(1).

Here there was never an indictment or information, and when the State appealed the circuit court's order, the initial complaint had already been dismissed by the general sessions court. Because the charge was dismissed at the general sessions court, and the circuit court's order only dismissed the State's appeal on procedural grounds, the circuit court's order could not "result" in or be construed as a dismissal of the initial complaint. The State is not appealing an issue that is specifically enumerated in Rule 3(c), and, therefore, under Rule 3(c), the State does not have a right to appeal. [1]

*Conclusion*

Because this Court does not have jurisdiction to hear the appeal, the appeal is therefore dismissed.

_____
TIMOTHY L. EASTER, JUDGE

---

[1] Parenthetically, the result would be the same under Rule 3(b) if a defendant attempted to appeal to this court a circuit court's ruling dismissing the defendant's appeal of a general sessions court's finding of probable cause, after a preliminary hearing. Furthermore, we believe the circuit court's dismissal was proper because Tennessee Code Annotated section 27-5-108 is too narrow to extend to a probable cause determination of a general sessions court, a determination that is not a final determination for a criminal matter.