IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 10, 2024 Session

## STATE OF TENNESSEE v. ERIC TYRE PATTON

**Appeal from the Circuit Court for Rutherford County**
**No. 79062    Barry R. Tidwell, Judge**

_____

### No. M2023-00801-CCA-WR-CO
_____

Eric Tyre Patton, Defendant, was convicted of two Class A felony drug offenses committed within the 1000-foot prohibited zone of an elementary school and was sentenced to consecutive terms of twenty-five years at 100% service. Defendant filed a motion for resentencing pursuant to Tennessee Code Annotated § 39-17-432(h). The trial court found that granting a shorter sentence was not in the interests of justice and denied the motion. Defendant filed a petition seeking certiorari and/or extraordinary review. This court denied extraordinary review but granted the petition seeking certiorari and ordered the record to be assembled and transmitted for this court to conduct a review of the trial court's ruling. Following a thorough review of the record and applicable law, we affirm the judgment of the trial court.

**Writ of Certiorari; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and JILL BARTEE AYERS, JJ., joined.

Drew Justice, Murfreesboro, Tennessee, for the appellant, Eric Tyre Patton.

Jonathan Skrmetti, Attorney General and Reporter; Brooke A. Huppenthal, Assistant Attorney General; Jennings H. Jones, District Attorney General; and John Zimmermann, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On direct appeal, this court summarized the factual background of Defendant's convictions as follows:

In June 2015, the Rutherford County Grand Jury returned a sixty-three-count indictment, charging [Defendant] and twenty-one codefendants with various drug- and weapons-related offenses. Subsequently, the grand jury returned a superseding four-count indictment, charging [Defendant] alone as follows: [C]ount [1], conspiracy to sell 150 grams or more of heroin and 300 grams or more of cocaine with at least one overt act occurring within a [Drug-Free School Zone] DFSZ; [C]ount [2], possession of 300 grams or more of cocaine with intent to sell or deliver within a DFSZ; [C]ount [3], possession of a firearm with intent to go armed during the commission of or the attempt to commit the dangerous felony alleged in [C]ount [1] and [Defendant] previously had been convicted of a dangerous offense; and [C]ount [4], possession of a firearm with intent to go armed during the commission of or the attempt to commit the dangerous felony alleged in [C]ount [2] and [Defendant] previously had been convicted of a dangerous offense. Count [1] of the indictment alleged that the conspiracy to possess heroin and cocaine occurred between January 1, 2014, and February 28, 2015, and listed eight overt acts to support the conspiracy. Count [2] alleged that the possession of cocaine occurred on November 22, 2014.

*State v. Patton*, No. M2020-00062-CCA-R3-CD, 2022 WL 1436755, at *1 (Tenn. Crim. App. May 6, 2022), (footnote omitted), *perm app. denied* (Tenn. Sept. 28, 2022).

On February 15, 2019, a Rutherford County jury convicted Defendant of two Class A felonies: "conspiracy to sell 150 grams or more of heroin and 300 grams or more of cocaine with at least one overt act occurring within [the DFSZ]" of both Franklin Road Baptist School, a preschool, and the Islamic Center of Murfreesboro, a private elementary and secondary school, and "possession of 300 grams or more of cocaine with intent to sell or deliver within [the DFSZ]" of the Islamic Center of Murfreesboro. *Id.* The trial court sentenced Defendant to the mandatory minimum sentence for a Range II offender convicted of a Class A felony, twenty-five years, for each conviction; ordered Defendant to serve 100% of the sentences pursuant to Tennessee Code Annotated section 39-17-432(c); and ordered the sentences to be served consecutively for a total effective sentence of fifty years. *Id*. at *11. Defendant's convictions were upheld on appeal. *Id*. at *1.

On December 20, 2022, Defendant filed a motion for resentencing pursuant to Tennessee Code Annotated § 39-17-432(h) (2022). The motion claimed that the current version of Tennessee Code Annotated section 39-17-432 "only requires service of 100% of the minimum sentence if the judge expressly finds that the drug crime exposed vulnerable persons to the distractions or dangers of drug activity." The motion also claimed that the "interests of justice" do not otherwise preclude the trial court from reducing

Defendant's sentence "to a more fair term of years, namely by eliminating the unreasonable consecutive sentencing that he was previously given." Defendant sought to be resentenced to twenty-five years' incarceration with a 35% release eligibility.

On March 7, 2023, the trial court conducted a resentencing hearing. At the outset of the hearing, Defendant asked the court to take judicial notice of the record from the trial and the direct appeal and announced that Defendant was "not planning to introduce any evidence" and that he would "stand on the record as it is already." The State likewise presented no proof.

After argument of counsel, the trial court noted that Defendant had the burden of proof to show that he would have been sentenced to a shorter period of confinement if the offenses had occurred after September 11, 2020. The court also noted that it could not resentence Defendant if the court were to find that resentencing Defendant to a shorter period of confinement would not be in the interests of justice. In determining whether a new sentence would be in the interests of justice, the trial court stated that it had considered Defendant's prior criminal record, Defendant's behavior while incarcerated, and the circumstances surrounding the offenses. Based on the record in the case and the presentence report, the court found that Defendant's prior criminal record was "fairly significant" and that Defendant had a "fairly long history of [] other drug offenses and violent offenses."[1]

Concerning the circumstances of the offenses, the court found that there were "[n]umerous undercover purchases of heroin" and that Defendant was one of the "principal suppliers" to a "network of heroin distribution in Rutherford County." The court noted that a wiretap and a pole camera were used to gather evidence that led to the arrest of twenty-two individuals. The court found the circumstances of the offenses to be "extremely alarming."

The court noted that there was no proof of subsequent criminal convictions and found that while Defendant had a "write-up" in prison for having a cell phone, it was not entitled to much weight.

The court determined, based on Defendant's prior criminal record and the facts of the offenses, that granting a shorter sentence would not be in the interests of justice and

---

[1] The presentence report showed that Defendant had four prior felony convictions and thirteen prior misdemeanor convictions. The felonies included two cocaine convictions, one weapon conviction, and a conviction for maintaining a dwelling for drug use. The misdemeanors included three weapon convictions, two assault convictions, two drug convictions, one theft conviction, one altering serial numbers conviction, and four driving convictions.

denied the motion at the conclusion of the hearing. A written order reflecting the denial was entered on April 25, 2023.

Thereafter, Defendant filed a petition seeking certiorari and/or extraordinary review in this court. By order dated July 13, 2023, this court granted the petition seeking certiorari and ordered the trial court to assemble and transmit a record of the relevant proceedings sufficient for this court to conduct an adequate review.

## Analysis

On appeal, Defendant claims that the trial court abused its discretion by failing "to follow the essential requirements of law" and by failing to weigh and apply the factors listed in Tennessee Code Annotated section 39-17-432(h)(3) (2022) to determine if the interests of justice supported a shorter sentence. The State argues that the trial court properly denied the motion for resentencing. We agree with the State.

## Writ of Certiorari

The common law writ of certiorari is codified at Tennessee Code Annotated section 27-8-101, which provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

The common law writ of certiorari lies "[w]here no appeal is given[.]" Tenn. Code Ann. § 27-8-102(a)(2) (2023). Tennessee Rule of Appellate Procedure 3(b) governs the types of criminal actions for which an appeal of right lies. Orders denying resentencing are not included in the criminal actions for which a direct appeal lies, and the statute governing the resentencing of sentences enhanced under the Drug-Free School Zone Act does not provide a right to appeal from the denial of a resentencing. *See* Tenn. R. App. P. 3(b); Tenn. Code Ann. § 39-17-432(h). This court has previously held that there is no right to appeal from the denial of a motion for resentencing filed pursuant to Tennessee Code Annotated section 39-17-432(h). *State v. Bobo*, 672 S.W.3d 299, 302-03 (Tenn. Crim. App. 2023), *perm. app. denied* (Nov. 20, 2023); *see also* Tenn. R. App. P. 3(b); *State v. Billingsley*, No. E2022-01419-CCA-R3-CD, 2023 WL 4417531, at *5-6 (Tenn. Crim. App. July 10, 2023), *perm. app. denied* (Nov. 20, 2023).

"A writ of certiorari is an order from a superior court to an inferior tribunal to send up a complete record for review, so that the reviewing court can ascertain whether the inferior tribunal has exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily." *State v. Lane,* 254 S.W.3d 349, 354 (Tenn. 2008). Our supreme court stated in *Lane* that, when looking at whether the lower court has acted illegally or arbitrarily, certiorari should correct the following types of errors: "(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion." *Id.* at 355 (quoting *Willis v. Tennessee Dept. of Correction*, 113 S.W.3d 706, 712 (Tenn. 2003)) (internal quotation marks omitted).

## The Drug-Free School Zone Act

The stated purpose of the Drug-Free School Zone Act is to provide "all students in this State an environment in which they can learn without the distractions and dangers that are incident to the occurrence of drug activity in or around school facilities." 1995 Tennessee Laws Pub. Ch. 515 (H.B. 298). In an effort to accomplish this purpose, the Drug-Free School Zone Act imposed two new mandatory punishments to enhance the sentence of a defendant who committed a drug offense within 1000 feet of a public or private elementary school, middle school, or secondary school ("school properties"). The first punishment required a defendant to be sentenced "one (1) classification higher than is provided in Tennessee Code Annotated section 39-17-417(b)-(i) for such violation" ("one classification higher enhancement"). *Id.* The second required a defendant to serve "at least the minimum sentence for such defendant's appropriate range of sentence." *Id.* A defendant was not eligible for "any sentence reduction credits" and was not eligible for release prior to full service of such minimum sentence ("mandatory minimum sentence"). *Id.*; *see Davis v. State*, 313 S.W.3d 751, 764 (Tenn. 2010) (stating that "defendants dealing drugs in school zones who are sentenced to the minimum term in their sentencing range will serve literally 100% of their sentences").

In 2005, the General Assembly amended the Drug-Free School Zone Act to create "drug-free zones" that included both an area within 1000 feet ("prohibited zone") of a public or private elementary school, middle school, secondary school ("school properties"), and an area within 1000 feet ("prohibited zone") of a preschool, child care agency, public library, recreational center or park ("non-school properties"). 2005 Tennessee Laws Pub. Ch. 295 (H.B. 291).[2] The 2005 amendment also added significant fines for defendants found to be in violation. After the 2005 amendment, a defendant convicted of a drug offense within the prohibited zone of school properties remained

---

[2] The General Assembly did not rename the act and we will continue to refer to it as the Drug-Free School Zone Act.

subject to the mandatory one classification higher enhancement and the mandatory minimum sentence, whereas a defendant convicted of a drug offense within the prohibited zone of non-school properties was not subject to the mandatory one classification higher enhancement but was subject to the mandatory minimum sentence.

In 2020, the General Assembly again amended the Drug-Free School Zone Act by reducing the distance used to determine a drug-free zone from 1000 feet to 500 feet and by giving trial courts discretion in imposing the one classification higher punishment for school properties. 2020 Tennessee Laws Pub. Ch. 803 (S.B. 2734). Under the 2020 amendments, minimum sentences were no longer mandatory, and instead, there was a "rebuttable presumption that a defendant [was] not required to serve at least the minimum sentence for the defendant's appropriate range of sentence." Tenn. Code Ann. § 39-17-432(c)(2) (2020). The rebuttable presumption could be overcome if the trial court found "that the defendant's conduct exposed vulnerable persons to the distractions and dangers that are incident to the occurrence of illegal drug activity." *Id*. The 2020 amendments applied to offenses committed on or after September 1, 2020. In other words, the 2020 amendments only applied prospectively.

In 2022, the General Assembly added a new subsection (h) to the Drug-Free School Zone Act to allow a defendant convicted prior to September 1, 2020, who had his or her sentence enhanced one classification higher or was sentenced to a mandatory minimum sentence, to request resentencing. 2022 Tennessee Laws Pub. Ch. 927 (H.B. 1449). Upon the filing of a motion for resentencing, the trial court is required to appoint counsel if the movant is indigent. Tenn. Code Ann. § 39-17-432(h)(1) (2022). The court must then determine if it can "entertain" the motion under subsection (h)(3), which provides:

> (3) The court shall not entertain a motion made under this subsection (h) to resentence a defendant if:
>
> > (A) A previous motion made under this subsection (h) to reduce the sentence was denied after a review of the motion on the merits;
> >
> > (B) Resentencing the defendant to a shorter period of confinement for this offense would not reduce the defendant's overall sentence or lead to an earlier release; or
> >
> > (C) The defendant has previously applied to the governor for a grant of executive clemency on or after December 2, 2021, for the same offense and has been denied.

Tenn. Code Ann. § 39-17-432(h)(3) (2022).  A defendant "bear[s] the burden of proof to show that the defendant would be sentenced to a shorter period of confinement under this section if the defendant's offense had occurred on or after September 1, 2020."  Tenn. Code Ann. § 39-17-432(h)(1) (2022).

Subsection (h)(1) specifies two instances in which the trial court does not have the authority to resentence a defendant.  First, the trial court "shall not resentence the defendant if the new sentence would be greater than the sentence originally imposed[.]"  *Id.*  Second, the trial court "shall not resentence the defendant . . . if the court finds that resentencing the defendant would not be in the interests of justice."  *Id.*  In determining whether a new sentence would be in the interests of justice, a trial court may consider:

(A) The defendant's criminal record, including subsequent criminal convictions;

(B) The defendant's behavior while incarcerated;

(C) The circumstances surrounding the offense, including, but not limited to, whether the conviction was entered into pursuant to a plea deal; and

(D) Any other factors the court deems relevant.

*Id.*  The final section of the Drug-Free School Zone Act makes it clear that "subsection (h) does not require a court to reduce any sentence pursuant to this section."  Tenn. Code Ann. § 39-17-432(h)(4) (2022).

**Denial of Resentencing**

Defendant argued that there was no proof presented at the trial, at the sentencing hearing, or at the resentencing hearing that his "conduct exposed vulnerable persons to the distractions and dangers that are incident to the occurrence of illegal drug activity." Therefore, Defendant avers that he was presumed not to be required to serve at least the minimum sentence for a Range II offender convicted of a Class A felony, and that the trial court was required to resentence Defendant to 35% rather than 100% service of his twenty-five-year sentences.[3]  Defendant also argued that there was no plea agreement whereby the

---

[3] At the time Defendant was convicted, the Drug-Free School Zone Act mandated that a defendant convicted of a drug offense within 1000 feet of a public or private elementary school, middle school, secondary school serve at least the minimum sentence for such defendant's appropriate range of sentence. The subsection creating a "rebuttable presumption that a defendant is not required to serve at least the minimum sentence for the defendant's appropriate range of sentence" was enacted as part of the 2020 amendments.  Tenn. Code Ann. § 39-17-432(c)(2) (2020).

State "gave some charges or [] some bargaining power in exchange for the sentence," that Defendant did not have a "terrible criminal history" or any "subsequent" criminal conduct, and that Defendant's "writeups" while in prison were not serious.

The State argued that the drug offense in both counts occurred within 500 feet of the private elementary and secondary school. In his rebuttal argument, Defendant stated that he did not "really challenge [the distance] or care about the 500 feet limit at all." He claimed that the State's argument concerning distance was "completely irrelevant" because the offenses were Class A felonies and could not be enhanced one classification higher.

We determine that even if the trial court must presume that Defendant is not required to serve at least the minimum sentence, the trial court must still determine if a shorter sentence is in the interests of justice. Tennessee Code Annotated section 39-17-432(h)(1) (2022) states that the trial court "shall not resentence the defendant . . . if the court finds that resentencing the defendant would not be in the interests of justice."

The trial court found that Defendant had a "fairly long history of [] other drug offenses and violent offenses." In his Reply Brief, Defendant claims that he only had two prior felony drug offenses and two misdemeanor drug offenses, and therefore, he does not have a "fairly long history" of other drug offenses. Defendant also argues that "he only committed two violent crimes — both misdemeanors when he was only 19 years old" and that, therefore, the trial court distorted the record by "[c]alling him violent when rather plainly he was not." Defendant's argument is not born out by the presentence report which shows that Defendant had seventeen prior convictions, including five for drug offenses, two for assaults, and four for weapon offenses.

The trial court found that "undercover buys" revealed that Defendant was the "primary distributor" and the supplier of heroin for an "organization" that included twenty-two other individuals. The trial court's findings are supported by this court's opinion from the direct appeal, which states that "the evidence at trial showed that [Defendant] and numerous accomplices agreed to sell heroin and cocaine. Seven of those accomplices testified at trial about [Defendant's] supplying them with the drugs and about selling the drugs for him." *Patton*, 2022 WL 1436755, at *13. The opinion also states that "[Lakeisha] Smith said that she and Jamarr [Kuilan] went to the [Defendant]'s tire shop to pick up heroin and to drop off money, and she estimated that they earned $50,000 to $100,000 selling drugs" for Defendant and that "Mrs. LeBlanc testified that [Defendant] kept the heroin in a safe, that the safe was 'full' of heroin, and that [Defendant] told her the value of the heroin was about $80,000." *Id.* at *13-14. The opinion also noted that "[s]even accomplices testified as to the [Defendant]'s . . . leadership in the conspiracy." *Id*. at *33.

- 8 -

## Conclusion

The trial court considered and weighed the statutory factors, noting that there was no proof of subsequent criminal convictions and that the "write-up" in prison for having a cell phone was not entitled to much weight. The court determined that the granting of a shorter sentence would not be in the interests of justice based upon two of the statutory factors, the Defendant's prior criminal record and the facts and circumstances of the offenses. *See* Tenn. Code Ann. § 39-17-432(h)(1) (2022). The record does not reflect that "the trial court exceeded its jurisdiction" or that the trial court "acted illegally, fraudulently, or arbitrarily" in denying Defendant's motion for resentencing. *Lane*, 254 S.W.3d at 357. Accordingly, we affirm the trial court's denial of Defendant's motion for resentencing.

_____
ROBERT L. HOLLOWAY, JR., JUDGE